ORIGINAL

1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   DAVID K. BARRETT
4  Assistant United States Attorney
   Chief, Civil Fraud Section
5  FRANK D. KORTUM
   Assistant United States Attorney
6  California State Bar No. 110984
        300 North Los Angeles Street, Room 7516
7       Los Angeles, California 90012
        Tel: (213) 894-6841; Fax: (213) 894-7819
8       E-mail: frank.kortum@usdoj.gov
   Attorneys for the United States of America

FILED
CLERK, U.S. DISTRICT COURT
NOV 26 2018
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL],<br><br>Plaintiff[s],<br><br>v.<br><br>[UNDER SEAL],<br><br>Defendant[s]. | No. CV 18-08311-~~PA~~ ASx  ODW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' AND STATE OF CALIFORNIA'S ELECTION PERIOD; DECLARATION OF FRANK D. KORTUM IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' AND STATE OF CALIFORNIA'S ELECTION PERIOD; (2) [PROPOSED] ORDER] |

ORIGINAL

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
FRANK D. KORTUM
Assistant United States Attorney
California State Bar No. 110984
    300 North Los Angeles Street, Room 7516
    Los Angeles, California 90012
    Tel: (213) 894-6841;  Fax: (213) 894-7819
    E-mail:  frank.kortum@usdoj.gov
Attorneys for the United States of America

FILED
CLERK, U.S. DISTRICT COURT
NOV 2 6 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL],<br><br>Plaintiff[s],<br><br>v.<br><br>[UNDER SEAL],<br><br>Defendant[s]. | No. CV 18-08311-~~PA~~ ODW ASx<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' AND STATE OF CALIFORNIA'S ELECTION PERIOD; DECLARATION OF FRANK D. KORTUM IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' AND STATE OF CALIFORNIA'S ELECTION PERIOD: (2) [PROPOSED] ORDER] |

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section
FRANK D. KORTUM
Assistant United States Attorney
California State Bar No. 110984
    300 North Los Angeles Street, Room 7516
    Los Angeles, California 90012
    Tel: (213) 894-6841; Fax: (213) 894-7819
    E-mail: frank.kortum@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. IONM LLC, a Delaware corporation; STATE OF CALIFORNIA ex rel. IONM LLC, a Delaware corporation, and LOS ANGELES COUNTY ex rel. IONM LLC, a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California corporation,<br><br>    Defendant. | No. CV 18-08311-PA-(ASx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' AND STATE OF CALIFORNIA'S ELECTION PERIOD; DECLARATION OF FRANK D. KORTUM IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND UNITED STATES' AND STATE OF CALIFORNIA'S ELECTION PERIOD; (2) [PROPOSED] ORDER] |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action is brought under the qui tam provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), and also alleges violations of California Insurance Code (Cal. Ins. Code § 1871.7 (the "California Insurance Frauds Prevention Act")) and the California Government Code (Cal. Govt. Code § 12651 (the "California False Claims Act")). The qui tam plaintiff ("the Relator") is IONM LLC. The defendant is the University of Southern California ("USC").

Pursuant to the Stipulation filed concurrently herewith, the United States of America ("United States") respectfully requests that the Court grant the United States and the State of California, pursuant to the FCA, the California Insurance Frauds Prevention Act and the California False Claims Act respectively, an additional six months, to and including May 30, 2019, within which to elect whether to intervene in this action. The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal for the same period, pursuant to the FCA, 31 U.S.C. §§ 3730(b)(2) and (3).

## II. PROCEDURAL SUMMARY AND RELATOR'S ALLEGATIONS

The Relator filed the Complaint on or about September 26, 2018 under seal as required by the FCA. The Relator alleges that (A) USC's Keck Medical Center ("Keck") submitted claims to the United States and California, seeking payment for monitoring procedures that purportedly took place at the Intraoperative Neurophysiological Monitoring Division (the "IONM Division") at Keck's Department of Neurology; and (B) the claims were false because the monitoring procedures were performed inadequately.

## III. THERE IS GOOD CAUSE TO EXTEND THE INTERVENTION DEADLINE AND SEAL PERIOD

The qui tam provisions of the FCA provide in pertinent part that:

(2) ... The complaint shall be filed in camera, shall remain under seal for at

1

least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(3)   The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The initial 60-day seal period is designed to enable the government to "investigate the private *qui tam* relator's allegations and determine whether they present adequate grounds for the government to proceed with the case, and, if adequate grounds exist, to determine whether it is in the government's interest to prosecute the case." United States ex rel. Siller v. Becton Dickinson & Co., 21 F.3d 1339, 1343 n.3 (4th Cir. 1994). The court also noted that, "[a]s Congress recognized, these tasks could very well take more than 60 days." *Id.* As set forth in the Declaration of Frank D. Kortum filed herewith (Kortum Decl.), good cause exists to extend the intervention election period. Kortum Decl. ¶ 3.

The United States also requests that the Complaint and all other documents filed or lodged in this action remain under seal pursuant to 31 U.S.C. §§ 3730(b)(2) and (3), to allow the United States an adequate opportunity to evaluate fully the private enforcement suit and to determine whether it is in the United States' interest to intervene in the Relator's qui tam action. See Kortum Decl. ¶ 4. As recognized in United States ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 245 (9th Cir. 1995) (citation omitted), the government should be allowed "an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." Maintaining the seal is important because it allows "the qui tam relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate the relator's information

for possible intervention in the qui tam action or in relation to an overlapping criminal investigation." Id. As set forth in the Kortum Decl., ¶ 4, maintaining the seal is important in the present case.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court approve the Stipulation filed herewith and grant the United States and the State of California a six-month extension of time, to and including May 30, 2019, to determine whether to intervene in this action, during which time the Complaint and all other documents filed or lodged in this action would remain under seal. The Relator and the State of California have joined in requesting the proposed extension.

Dated: November 26, 2018            Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section

_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for the
United States of America

3

# DECLARATION OF FRANK D. KORTUM

I, Frank D. Kortum, declare:

1. I am the Assistant United States Attorney assigned responsibility for handling this action. This declaration is based on my personal knowledge and is offered in support of the United States' request for a six-month extension of the seal and election period, to and including May 30, 2019. <u>Qui tam</u> relator IONM LLC ("Relator") and the State of California ("California") have joined in requesting the proposed extension. This is the United States' first request for an extension of the seal and election period in this case.

2. This action was assigned to me on October 17, 2018. In addition to myself, the United States civil investigative team includes an auditor and investigator from the Civil Fraud Section of this Office, a Special Agent from the United States Department of Health and Human Services, and a Special Agent from the Federal Bureau of Investigation.

3. Following an initial review of the complaint and the Relator's disclosure statement, the United States civil investigative team convened a meeting with Relator and its counsel. This meeting, which took place on November 15, 2018, was also attended by attorneys from the California Department of Insurance and the California Attorney General's Office. The November 15 meeting resulted in the identification of numerous witnesses and documents in addition to those already referenced in the complaint and the disclosure statement. In order to complete the investigation, the United States and California will need to locate and interview both the witnesses identified in the complaint and the disclosure statement, as well as the additional witnesses identified during the November 15 meeting. Similarly, the United States and California will need to obtain and review the additional documents identified during the November 15 meeting. Specifically, the investigation will require the review of the medical records of thousands of surgical patients in order to determine whether Keck provided the monitoring services for which it claimed reimbursement from the

government. The United States and California anticipate that completion of these investigative tasks will require at least six months. If the United States and California determine that more than six months are ultimately required to complete the investigation, they will report to the Court toward the end of the extension period regarding the status of the investigation.

      4.     Accordingly, the United States respectfully requests that the Court grant a six-month extension of the United States' and California's deadline regarding intervention, and the same extension of the seal period, to and including May 30, 2019. During this period, maintaining the seal over this action is important to avoid improper dissemination of confidential information.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on November 26, 2018 at Los Angeles, California.

FRANK D. KORTUM

## DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE

I, Frank D. Kortum, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

(a) Service: When Required.

(1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

(2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

(3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the

6

documents to which this Declaration is attached.  The said documents also are not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear." (Rule 5(a)(2).)  Nor was the above-captioned action "begun by seizing property." (Rule 5(a)(3).)  Therefore, I believe that Rule 5(a) does not require the documents to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2018, at Los Angeles, California.

_____
FRANK D. KORTUM