1  TRACY L. WILKISON
   Acting United States Attorney
2  DAVID K. BARRETT
   Assistant United States Attorney
3  Chief, Civil Fraud Section
   FRANK D. KORTUM
4  Assistant United States Attorney
   California State Bar No. 110984
5       300 North Los Angeles Street, Room 7516
        Los Angeles, California 90012
6       Tel: (213) 894-6841; Fax: (213) 894-7819
        E-mail:  frank.kortum@usdoj.gov
7  Attorneys for the United States of America

**FILED**
CLERK, U.S. DISTRICT COURT
6/17/21
CENTRAL DISTRICT OF CALIFORNIA
BY:  SE  DEPUTY

8                UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL],<br><br>Plaintiff[s],<br><br>v.<br><br>[UNDER SEAL],<br><br>Defendant[s]. | No. CV 18-08311-ODW ASx<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL AND ELECTION PERIOD OF UNITED STATES, STATE OF CALIFORNIA, AND LOS ANGELES COUNTY; DECLARATION OF FRANK D. KORTUM IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND ELECTION PERIOD OF UNITED STATES, STATE OF CALIFORNIA, AND LOS ANGELES COUNTY; (2) [PROPOSED] ORDER] |

1  TRACY L. WILKISON
   Acting United States Attorney
2  DAVID K. BARRETT
   Assistant United States Attorney
3  Chief, Civil Fraud Section
   FRANK D. KORTUM
4  Assistant United States Attorney
   California State Bar No. 110984
5       300 North Los Angeles Street, Room 7516
        Los Angeles, California 90012
6       Tel: (213) 894-6841;  Fax: (213) 894-7819
        E-mail:  frank.kortum@usdoj.gov
7
   Attorneys for the United States of America
8
                  UNITED STATES DISTRICT COURT
9
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
                          WESTERN DIVISION
11

| UNITED STATES OF AMERICA ex rel. IONM LLC, a Delaware corporation and ex rel. JUSTIN CHEONGSIATMOY, M.D.; STATE OF CALIFORNIA ex rel. IONM LLC, a Delaware corporation and ex rel. JUSTIN CHEONGSIATMOY, M.D.; and LOS ANGELES COUNTY ex rel. IONM LLC, a Delaware corporation; and ex rel. JUSTIN CHEONGSIATMOY, M.D., and JUSTIN CHEONGSIATMOY, M.D., in his individual capacity,<br><br>            Plaintiffs,<br><br>       v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California corporation,<br><br>            Defendant. | No. CV 18-08311-ODW-(ASx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION REQUESTING EXTENSION OF SEAL ELECTION PERIOD OF UNITED STATES, STATE OF CALIFORNIA, AND LOS ANGELES COUNTY; DECLARATION OF FRANK D. KORTUM  IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: (1) STIPULATION REQUESTING EXTENSION OF SEAL AND ELECTION PERIOD OF UNITED STATES,  STATE OF CALIFORNIA, AND LOS ANGELES COUNTY; (2) [PROPOSED] ORDER] |
|---|---|

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This action is brought under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("Federal FCA"), and alleges that the University of Southern California ("USC") violated the Federal FCA as well as the California Insurance Frauds Prevention Act (the "California IFPA" (California Insurance Code § 1871.7)) and the California False Claims Act ("the California FCA" (California Government Code § 12651)). The Second Amended Complaint (the current operative complaint) was filed by two *qui tam* plaintiffs: (A) a corporate entity named IONM LLC ("IONM"); and (B) Justin Cheongsiatmoy, M.D. ("Dr. Cheongsiatmoy") (collectively, the "Relators"). At the time of the filing of the Second Amended Complaint, Relators were represented by Alice Chang ("Ms. Chang"), who in addition to being an attorney is the spouse of Dr. Cheongsiatmoy.

Pursuant to the Stipulation filed concurrently herewith, the United States of America ("United States"), the State of California ("California"), and the County of Los Angeles ("Los Angeles County") respectfully request that, pursuant to the FCA, the California Insurance Frauds Prevention Act, and the California FCA, respectively, the Court grant them an additional six months, to and including December 30, 2021, within which to elect whether to intervene in this action. The United States, California, and Los Angeles County (together, the "Governments") also request that the documents filed or lodged in this action remain under seal for the same period, pursuant to the FCA, 31 U.S.C. §§ 3730(b)(2) and (3).

As set forth more fully below, a six-month extension of the seal period is justified because (A) within the past two weeks, Relators have engaged new counsel and will decide soon whether to request leave to file a Third Amended Complaint; (B) if Relators file a Third Amended Complaint that contains significant new allegations against USC, the Governments will need additional time to investigate and evaluate those allegations; (C) the Governments and USC have been attempting to schedule a meeting to discuss the

possible settlement of this action, and if Relators file a Third Amended Complaint additional time will be necessary so that USC can review the amended complaint and participate meaningfully in settlement negotiations; and (D) if settlement negotiations are unsuccessful, the Governments will be required to continue with their ongoing investigation of the allegations in the *qui tam* complaint, which investigation will require the individualized analysis of many patients' medical records in order to determine whether USC provided the monitoring services for which it claimed reimbursement from the Governments.

## II. PROCEDURAL SUMMARY AND RELATOR'S ALLEGATIONS

IONM filed the original complaint on or about September 26, 2018 under seal as required by the FCA. IONM alleged in the original complaint that

A. USC's Keck Medical Center ("Keck") submitted claims to the United States and California, seeking payment on behalf of Keck's Division of Intraoperative Neurophysiological Monitoring for procedures known as Intraoperative Neurophysiological Monitoring ("the IONM Procedures") that were conducted in connection with surgeries performed at Keck; and

B. The claims that Keck submitted were false because the IONM Procedures were performed inadequately.

Declaration of Frank D. Kortum ¶ 2.

The Governments began investigating the allegations in IONM's complaint in November of 2018. As part of the investigation, documents regarding IONM Procedures were subpoenaed from USC. After producing documents in response to the subpoena, counsel for USC requested a meeting to discuss the "next steps" in the process, and provided the Governments with a written statement setting forth its position regarding the results of an internal investigation into a limited category of surgeries procedures that used IONM Procedures. During the "next steps" meeting, which took place telephonically on May 27, 2020, counsel for the United States and California agreed to a request by counsel for USC for the initiation of settlement negotiations. On June 4,

2020, the Governments and the IONM submitted a stipulation to the Court for the purpose of requesting the partial unsealing of this action so that IONM's interests could be considered in the settlement negotiations.  On June 23, 2020, the Court granted the stipulation and issued an order (the "Limited Disclosure Order") authorizing the limited disclosure of the complaint to USC.  In the interests of facilitating these settlement negotiations, counsel for the United States provided counsel for USC with a copy of the original *qui tam* complaint pursuant to the Limited Disclosure Order, and encouraged counsel for USC to directly contact counsel for Relator to determine whether Dr. Cheongsiatmoy had any claims against USC.  Kortum Decl. ¶ 3.

On December 14, 2020, counsel for the United States was informed that counsel for USC had (A) discussed Dr. Cheongsiatmoy's personal claims against USC with counsel for IONM; and (B) expressed an interest in resolving these claims along with the FCA issues in which the United States was directly interested (*i.e.*, to attempt to reach a resolution of all issues if possible).  Counsel for USC suggested that the resolution of these issues would be more likely to occur if a settlement meeting were to be scheduled to take place in February of 2021.  The Governments requested a further extension of the seal period based on USC's scheduling suggestion, and the Court granted the request on December 18, 2020.  The current seal expires on June 30, 2021.  Kortum Decl. ¶ 4.

On or about January 15, 2021—before the settlement meeting could take place—Relator's counsel filed a motion to withdraw.  The Court granted the motion on February 16, 2021.  On January 25, 2021 (while the motion to withdraw was pending), Ms. Chang appeared on behalf of IONM and filed an Amended Complaint.  The Amended Complaint contained factual allegations that had not been set forth in the original complaint.  Pursuant to the Limited Disclosure Order (which applies to amended complaints as well as the original complaint), counsel for the United States provided counsel for USC with a copy of the Amended Complaint.  Counsel for USC then requested a postponement of the settlement meeting so that USC could evaluate the additional allegations, and subsequently proposed that the settlement meeting take place

in either late June or early July 2021.  Kortum Decl. ¶ 5.

On May 5, 2021, Ms. Chang filed a Second Amended Complaint ("SAC").  The allegations in the SAC regarding the IONM Procedures were similar in scope to those in the Amended Complaint, but the SAC also identified Dr. Cheongsiatmoy by name as a *qui tam* plaintiff and set forth the factual and legal basis for his personal employment-related claims against USC.  Relators subsequently retained another law firm and on June 2, 2021, Relators' new counsel informed counsel for the United States that they were not prepared to participate in a settlement meeting on the dates proposed by counsel for USC, in part because they were deciding whether to seek permission from the Court to file a Third Amended Complaint for the purpose of asserting additional claims against USC.  On June 3, 2021, counsel for the United States informed counsel for USC that Relators had obtained new counsel.  Counsel for USC agreed that, under the circumstances, it would be appropriate to postpone scheduling of the settlement meeting.  Kortum Decl. ¶ 6.

## III.   THERE IS GOOD CAUSE TO EXTEND THE INTERVENTION DEADLINE AND SEAL PERIOD

The FCA's provisions governing seal extensions reflect Congressional intent that the courts give the United States sufficient time to investigate a relator's allegations and "to determine whether [they] are worthy enough to engage federal resources." *United States ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011, 1013 (9th Cir. 2017).  First, "the *qui tam* complaint is sealed initially for sixty days." *Id.* (*citing* 31 U.S.C. § 3730(b)(2) (the "Initial 60-day Seal Period")).  The United States, "if unable to complete its investigation within 60 days," can seek to extend the Initial 60-day Seal Period. *Id.* (*citing* 31 U.S.C. § 3730(b)(3) (the "Seal Extension Provision").  The Seal Extension Provision, in particular, reflects Congressional recognition that investigating a *qui tam* complaint "might require more than 60 days" (*American Civil Liberties Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011) (citing S. Rep. No. 99-345, at 24–25 (1986))) and that the courts should grant requests for extensions of the Initial 60-day Seal Period for "good

cause" shown.  *Id.*

Courts considering requests by the United States to extend the seal in *qui tam* cases have recognized that extensions enable the United States to undertake investigations of "complex allegations of fraud" that would otherwise be "virtually impossible . . . ." *United States ex rel. Banton v. UT Medical Group, Inc.*, No. 03-cv-2740-JPM-dkv, 2010 WL 11493943 at *2 (W.D. Tenn. Jan. 27, 2010); *see also Aldridge on Behalf of United States v. Cain*, No. 1:16-CV-369 HTW-LRA, 2018 WL 1162251 at *7 (S.D. Miss. March 4, 2018) (extensions are justified because "[m]any [FCA] cases are quite complicated . . . ."). Health care fraud investigations are inherently complex; as the Seventh Circuit has recognized, the "vast size and complexity of the Medicare program makes fraud detection especially difficult." *United States v. Brown*, 880 F.3d 399, 406 (7th Cir. 2018). The courts also recognize that an amended *qui tam* complaint setting forth "substantially new allegations" should also remain under seal (see, *e.g.*, *United States ex rel. Haelgoua v. Kleinberg*, No. 14-CV-3943(JS)(SIL), 2016 WL 4179944 at *2 (E.D. N.Y. Aug. 5, 2016)), and that maintaining a *qui tam* complaint under seal may facilitate "settlement with the government . . . ." *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 999 (2d Cir. 1995); *see also United States ex rel. Marchese v. Cell Therapeutics, Inc.,* No. C06-168MJP, 2007 WL 2572347 at *1 (W.D. Wash. Sept. 6, 2007) (court expressly stated that it "granted several extensions of time for the Government to decide whether to intervene in this case, pending the outcome of settlement discussions").

As set forth in the Declaration of Frank D. Kortum, good cause exists to extend the seal period here. First, as a result of the Government's investigative efforts, USC has requested the initiation of settlement negotiations which could lead to an informal resolution of this action, but these negotiations cannot be completed during the current seal period (Kortum Decl. ¶¶ 3-7) and as discussed above the courts recognize that maintaining a *qui tam* complaint under seal may facilitate "settlement with the government . . . ." *Pilon, supra,* 60 F.3d at 999. Second, if Relators file a Third

5

Amended Complaint that contains significant new allegations against USC, the Governments will need additional time to investigate and evaluate those allegations. *See Kleinberg*, 2016 WL 4179944 at *2 (maintaining seal where government "has not had an opportunity to review" new allegations). Additional time will also be necessary so that USC can review the Third Amended Complaint and participate meaningfully in the above-referenced settlement negotiations. Third, if settlement negotiations are unsuccessful, the Governments will be required to continue with their ongoing investigation of the allegations in the *qui tam* complaint. As stated in a previous seal extension request, the investigation will, *inter alia*, require the individualized analysis of many patients' records in order to determine whether Keck provided the IONM Procedures for which it claimed reimbursement from the Governments. The complexity of this investigative task justifies a six-month extension of the seal period here. *See, e.g., Banton, supra*, 2010 WL 11493943 at *2 (seal extensions enable the United States to conduct complex fraud investigations that would be otherwise impossible); *Brown, supra*, 880 F.3d at 406 (recognizing inherent complexity of health care fraud schemes).

      The Governments also request that the Complaint, the Amended Complaint, the Second Amended Complaint, and all other documents filed or lodged in this action remain under seal pursuant to 31 U.S.C. §§ 3730(b)(2) and (3) and Cal. Gov't Code § 12652(c)(5), to allow them an adequate opportunity to evaluate fully the private enforcement suit and to determine whether it is in their interest to intervene in the Relator's *qui tam* action. Kortum Decl. ¶ 7. As recognized in *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242 (9th Cir. 1995) (citation omitted), the Governments should be allowed "an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *Id.* at 245 (citation omitted). Maintaining the seal is important because it allows "the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate

6

the relator's information for possible intervention in the *qui tam* action or in relation to an overlapping criminal investigation." *Id.* Maintaining the seal is accordingly important in the present case. Kortum Decl. ¶ 8.

## IV. CONCLUSION

For the foregoing reasons, the Governments respectfully request that the Court approve the Stipulation filed herewith and grant them a six-month extension of time, to and including December 30, 2021, to determine whether to intervene in this action, during which time the Complaint and all other documents filed or lodged in this action would remain under seal. The Relators have joined in requesting the proposed extension.

Dated: June 17, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID K. BARRETT
Assistant United States Attorney
Chief, Civil Fraud Section

/s/ Frank Kortum
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for the
United States of America

# DECLARATION OF FRANK D. KORTUM

I, Frank D. Kortum, declare:

1. I am the Assistant United States Attorney assigned responsibility for handling this action. This declaration is based on my personal knowledge and is offered in support of a request by the United States of America, the State of California, and the County of Los Angeles (together, the "Governments") for a six-month extension of the seal and election period, to and including December 30, 2021. *Qui tam* relators IONM LLC ("IONM") and Justin Cheongsiatmoy, M.D. ("Dr. Cheongsiatmoy") (collectively, the "Relators") have joined in requesting the proposed extension. There have been five prior requests for an extension of the seal and election period in this case, all of which the Court has granted. The current seal period expires on June 30, 2021.

2. IONM filed the original complaint in this action under seal on or about September 26, 2018, naming the University of Southern California ("USC") as a defendant and alleging that

   A. USC's Keck Medical Center ("Keck") submitted claims to the United States and California, seeking payment on behalf of Keck's Division of Intraoperative Neurophysiological Monitoring for procedures known as Intraoperative Neurophysiological Monitoring ("the IONM Procedures") that was conducted in connection with surgeries performed at Keck; and

   B. The claims that Keck submitted were false because the IONM Procedures were performed inadequately.

3. The Governments began investigating the allegations in the original complaint in November of 2018. As part of the investigation, documents regarding IONM Procedures were subpoenaed from USC. After producing documents in response to the subpoena, counsel for USC requested a meeting to discuss the "next steps" in the process, and provided the Governments with a written statement setting forth its position regarding the results of an internal investigation into a limited category of surgeries procedures that used IONM Procedures. During the "next steps" meeting, which took

8

place telephonically on May 27, 2020, counsel for the United States and California agreed to a request by counsel for USC for the initiation of settlement negotiations. On June 4, 2020, the Governments and the IONM submitted a stipulation to the Court for the purpose of requesting the partial unsealing of this action so that IONM's interests could be considered in the settlement negotiations. On June 23, 2020, the Court granted the stipulation and issued an order (the "Limited Disclosure Order") authorizing the limited disclosure of the complaint. In the interests of facilitating these settlement negotiations, counsel for the United States provided counsel for USC with a copy of the original *qui tam* complaint pursuant to the Limited Disclosure Order, and encouraged counsel for USC to directly contact counsel for Relator to determine whether Dr. Cheongsiatmoy had any claims against USC.

4. On December 14, 2020, I learned that counsel for USC had (A) discussed Dr. Cheongsiatmoy's personal claims against USC with counsel for IONM; and (B) expressed an interest in resolving these claims along with the FCA issues in which the United States was directly interested (*i.e.*, to attempt to reach a resolution of all issues if possible). Counsel for USC suggested that the resolution of these issues would be more likely to occur if a settlement meeting were to be scheduled to take place in February of 2021. The Governments requested a further extension of the seal period based on USC's scheduling suggestion, and the Court granted the request on December 18, 2020.

5. On or about January 15, 2021, Relator's counsel filed a motion to withdraw. The Court granted the motion on February 16, 2021. On January 25, 2021, Alice Chang (who is an attorney as well as the spouse of Dr. Cheongsiatmoy) appeared on behalf of IONM and filed an Amended Complaint. The Amended Complaint contained factual allegations that had not been set forth in the original complaint. Pursuant to the Limited Disclosure Order, I provided counsel for USC with a copy of the Amended Complaint. Counsel for USC then requested a postponement of the settlement meeting so that USC could evaluate the additional allegations, and subsequently proposed that the settlement meetings take place in either late June or early July of 2021.

6. On May 5, 2021, Ms. Chang filed a Second Amended Complaint ("SAC"). The allegations in the SAC regarding the IONM Procedures were similar in scope to those in the Amended Complaint, but the SAC also identified Dr. Cheongsiatmoy by name as a *qui tam* plaintiff and set forth the factual and legal basis for his personal employment-related claims against USC. Relators subsequently retained another law firm and on June 2, 2021, Relators' new counsel informed counsel for the United States that they were not prepared to participate in a settlement meeting on the dates proposed by counsel for USC, in part because they were deciding whether to seek permission from the Court to file a Third Amended Complaint for the purpose of asserting additional claims against USC. On June 3, 2021, I informed counsel for USC that relators had obtained new counsel. Counsel for USC agreed that, under the circumstances, it would be appropriate to postpone scheduling of the settlement meeting.

7. If Relators file a Third Amended Complaint that contains significant new allegations against USC, the Governments will need additional time to investigate and evaluate those allegations. Additional time will also be necessary so that USC can review the Third Amended Complaint and participate meaningfully in the above-referenced settlement negotiations. If the settlement negotiations are unsuccessful, the Governments will be required to continue with their ongoing investigation of the Relators' allegations. The investigation will, *inter alia*, require the individualized analysis of many patients' medical records in order to determine whether Keck adequately performed the IONM Procedures. The Governments anticipate that completion of these investigative tasks will require at least six months.

8. The Governments therefore respectfully request that the Court grant them a six-month extension of the seal period and deadline regarding intervention, to and

//
//
//
//

including December 30, 2021.  During this period, maintaining the seal over this action is important to avoid improper dissemination of confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2021 at Los Angeles, California.

*Frank Kortum*
_____
FRANK D. KORTUM

**DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE**

I, Frank D. Kortum, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

   (a) Service: When Required.

   (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:

   (A) an order stating that service is required;

   (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

   (C) a discovery paper required to be served on a party, unless the court orders otherwise;

   (D) a written motion, except one that may be heard ex parte; and

   (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

   (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

   (3) Seizing Property. If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the

1  documents to which this Declaration is attached.  The said documents also are not a
2  pleading that asserts "a new claim for relief" against any "party who is in default for
3  failing to appear."  (Rule 5(a)(2).)  Nor was the above-captioned action "begun by
4  seizing property."  (Rule 5(a)(3).)  Therefore, I believe that Rule 5(a) does not require
5  the documents to which this Declaration is attached to be served upon any party that has
6  appeared in the above-captioned action.

7       I declare under penalty of perjury that the foregoing is true and correct.
8       Executed on June 17, 2021, at Los Angeles, California.

                                */s/ Frank Kortum*
                              FRANK D. KORTUM

13