CASE SEALED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | 2:18-cv-08311-ODW (ASx) | Date | September 10, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**

One of the prerequisites to a PAGA suit is notice to the Labor Workforce Development Agency (LWDA). In order to bring suit under PAGA, a plaintiff must first file a notice with the Labor and Workforce Development Agency of intent to initiate an action. The LWDA may then (1) notify the plaintiff of the LWDA's intent to investigate the violation on its own; (2) within 60 days of receipt of the notice, notify the plaintiff that it does not intend to investigate the violation; or (3) do nothing. If the LWDA elects the first option, the plaintiff may not bring suit; otherwise, the plaintiff may initiate a PAGA action. Cal. Lab. Code, § 2699.3(a)(1).

A related provision of PAGA provides:

> Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to *add* a cause of action arising under this part at any time within 60 days of the time periods specified in this part.

Cal. Lab. Code, § 2699.3(a)(2)(C) (emphasis added).

The operative Third Amended Complaint in this matter, ECF No. 70, contains a cause of action under the California Private Attorneys General Act (PAGA), along with an indication that Plaintiffs will amend the pleading at the appropriate time to add LWDA notice allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | September 10, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

On Tuesday, September 7, 2021, Plaintiff-Relator and Relator ("Movants") applied ex parte for leave to file a Fourth Amended Complaint in this matter. The stated purpose of amendment is to add to the PAGA claim certain necessary allegations regarding notice to the California Labor Workforce Development Agency (LWDA). Movants represent that they moved ex parte because the sixty-day deadline for amending to add a PAGA claim by right is set to expire on September 13, 2021.

Movants misinterpreted and misapplied Labor Code section 2699.3(a)(2)(C) in three senses. First, the Court compared the Third Amended Complaint to the Proposed Fourth Amended Complaint. There are many differences between the two pleadings that go beyond merely adding allegations that Movants satisfied the LWDA notice requirements. As one example, paragraphs 441 and 442, which have nothing to do with LWDA notice, have been heavily edited. Section 2699.3(a)(2)(C) allows parties to add a PAGA claim under certain circumstances; it does not allow parties to make extensive substantive and stylistic changes to their pleading.

Second, the statutory right to amend is a right to "add" a PAGA claim, not to amend a pre-existing PAGA claim. Here, Movants already asserted a PAGA claim in their Third Amended Complaint. Nothing about section 2699.3(a)(2)(C) suggests that a plaintiff gains a 60-day right of general-purpose amendment following receipt of right to sue from the LWDA (whether by the LWDA's action or inaction).

Third, unless the statute otherwise specifies, when a statute sets forth a deadline for moving for some sort of relief from the court, the deadline typically refers to the date by which the movant must move, not the date by which the Court must issue a ruling. Nothing about Labor Code section 2699.3(a)(2)(C) suggests that the Court must issue any sort of ruling within a 60-day period.

For these three reasons, Labor Code section 2699.3(a)(2)(C) does not apply, and for these same three reasons, Movants should not have applied ex parte. Counsel is cautioned that ex parte relief should only be sought where there is a true exigency based on sound application of the law. Here, there is no exigency because the 60-day window is unmistakably inapplicable to Movants' proposed amendment. Moreover, Movants' application fails to address additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | September 10, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

requirements for ex parte relief as set forth in *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493-94 (C.D. Cal. 1995).

That said, the Court is willing to consider the merits of this ex parte application to amend, apart from any deadline or authority provided by PAGA. Allowing amendment of the pleading while the case is still sealed appears permissible in most False Claims Act cases because it typically does not cause unfair prejudice to the defendant, who has yet to be served or notified of the government investigation. Nevertheless, Movants have been instructed to obtain the consent of all four participating government entities in obtaining stipulations for leave to amend. (Decl. of Eliot J. Rushovich ¶ 12, currently under seal.) In this instance, despite diligent effort, Movants have only obtained the consent of three of the four. (*Id.* ¶¶ 13–15.) Movants were not able to obtain the consent of the Los Angeles County District Attorney's Office (LADA) by the time they filed their ex parte application. (*Id.* ¶ 15.) At the same time, LADA has not expressly opposed this amendment. (*Id.* ¶ 16.)

Based on these observations, the Court orders as follows.

Movants shall immediately transmit this Minute Order to LADA, directing LADA's attention to this final paragraph. If by **September 17, 2021**, LADA has not provided Movants with an affirmative response regarding whether it will stipulate to the filing of the Fourth Amended Complaint, LADA shall be deemed to have stipulated to the amendment. If there is no stipulation and no response, on or after **September 20, 2021**, Movants shall submit a short supplemental attorney declaration that (1) renews Movants' application for leave to amend and (2) briefly describes Movants' efforts with LADA. Movants shall submit their supplemental declaration no later than **September 22, 2021**. Thereafter, an order on leave to amend will issue. Movants' failure to timely submit a supplemental declaration will result in denial of the application.

**IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |