UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | December 29, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**     **Order DENYING Plaintiff-Relator's Ex Parte Application** - UNDER SEAL

    On December 28, 2021, at 2:45 p.m. in the afternoon, Plaintiff-Relator lodged with the Court an ex parte application asking the Court to hold a hearing prior to the unsealing of this *qui tam* case. This case is set to unseal on December 30, 2021.

    Plaintiff-Relator argues that the United States has caused him prejudice. He explains that the Court previously issued an order partially lifting the seal—an order whose effect was to allow the United States to reveal the then-operative Complaint to Defendant USC. He points out that at the time, the Complaint did not contain Plaintiff-Relator's individual employment claims. Later, Plaintiff-Relator filed an amended Complaint that added his individual claims. In October 2021, the United States showed that amended Complaint to USC. Plaintiff-Relator argues this caused him prejudice because the United States revealed Plaintiff-Relator's individual claims to USC without authorization and months before the unsealing date.

    Plaintiff-Relator's ex parte application is denied on two separate bases. First, under authority of *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), the requesting party must be without fault in creating the crisis that requires ex parte relief, or the crisis must be due to excusable neglect. "In other words, [an ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id.* Here, Plaintiff-Relator learned of USC's purported gaffe on December 6, 2021. Although Plaintiff-Relator would have needed a reasonable amount of time (say, a few days) to meet and confer prior to filing an ex parte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | December 29, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

application, Plaintiff-Relator offers no additional justification why he waited until the afternoon of December 28, 2021 to ask for the relief he now seeks. Plaintiff-Relator's extreme eleventh-hour request gives the court a maximum of a few hours to look over the ex parte application and any oppositions (which would be due today), conduct research, generate a Minute Order, and get the Minute Order to the courtroom deputy clerk and docketing clerk before they go home for the rest of the year at the end of the day today. While the Court is certainly equipped to handle emergency requests, the emergencies must be true emergencies, and parties who chose to wait until the last minute cannot expect multiple Court officers to clear their calendars on the last Court day of the year, especially when filing the request even a couple of days earlier would have mitigated much of the rush.

Second, and more substantively, Plaintiff-Relator's request is not well taken. Plaintiff-Relator asks for a hearing before this case is unsealed in order to discuss the prejudice with the Court. But, amidst all the half-suggestions and serpentine, ambiguous assertions set forth in Plaintiff-Relator's very difficult-to-follow brief, Plaintiff-Relator wholly fails to indicate what he is going to ask of the Court at this hearing or to otherwise indicate the purpose of the proposed hearing. Plaintiff-Relator argues that "irreversible damage" will result from unsealing the case without a hearing, but Plaintiff-Relator fails to specify the exact nature or type of the harm he claims.

Moreover, Plaintiff-Relator has shoehorned into his Proposed Order a series of factual findings which appear far afield from the relief requested and which appear completely inappropriate for disposition on an ex parte basis. If, for example, a party or non-party has spoliated or otherwise lost evidence, the Federal Rules of Civil Procedure provide specific ways for an aggrieved party to seek relief on a formally noticed basis.

For these reasons, Plaintiff-Relator's ex parte application is **DENIED**.

**IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |