UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | December 29, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**   Order UNSEALING Entire Case as of December 30, 2021 - UNDER SEAL

The Governments lodged with the Court a Notice that they are not intervening at this time along with a Request to unseal the Complaints and an associated Proposed Order. The Governments ask the Court to unseal the Complaints in this matter and to order all subsequently filed documents unsealed—but to leave the majority of the case file up to this point sealed.

The Governments provide no authority for this request. The False Claims Act, 31 U.S.C. § 3730(b)(2), provides for a mechanism by which a case remains sealed for at least sixty days so that the government can determine whether to intervene. An unnaturally narrow and somewhat tortured reading of the statute is required to conclude that the statute directs courts to seal the entire case file while the government investigates but then later unseal only the pleadings after the government decides not to intervene. The legislative history for the statute refers alternatively to the "complaint" and the "action" that gets unsealed, and the natural reading of the statute is that, in the typical case, if the court sealed the entire case file pending the government's investigation, then the court should unseal the entire case file after the government decides not to intervene. S. Rep. 99-345, 24–25.

Significantly here, "the presumption in favor of public access to court filings is especially strong where, as here, the filings involve matters of particular concern to the public, such as allegations of fraud against the government." *United States ex rel. Jack Permison v. Superlative Techs.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) (citing *Under Seal v. Under Seal*, No. 94–1171, 1994 WL 283977, at *2 (4th Cir. June 27, 1994)); *accord Columbus-Am. Discovery Grp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | December 29, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

*v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] records . . . is necessary in the long run so that the public can judge the product of the courts in a given case.") Thus, in the typical False Claims Act case where the government declines to intervene, the strong presumption of public access to Court records requires that the Court unseal the entire case unless a compelling reason is shown.

Some courts have recognized exceptions to this rule. *See United States ex rel. Mikes v. Straus,* 846 F. Supp. 21, 23 (S.D.N.Y. 1994) ("It is appropriate to decline to unseal filings where disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested."). But in these cases, the party opposing unsealing had advanced a case-specific argument as to why the documents should remain under seal. *See U.S. ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 174 (D. Mass. 2004) (ordering that one document on docket of False Claims Act case remain under seal due to fact that information therein was also under seal in another case, but otherwise unsealing entirety of case record following government's decision not to intervene).

Here, the Governments make no attempt to explain why it is necessary to unseal only the Complaints in this case, such as by explaining how any other investigation is jeopardized or any non-party is injured by unsealing the entire case. This is fatal to the Governments' request, because if the Governments have an interest in maintaining this entire case file sealed, the burden falls to the Governments to demonstrate their compelling reasons. The Governments could have requested in-camera review of case materials or lodged a motion or application to seal well in advance of the unseal date. Instead, the Governments lodged their notice of no intent to intervene just two days before the unseal date, and the Governments do not request another extension of the unseal date. These observations further support the Court's conclusion that the Governments have no valid interest to assert in keeping the non-pleading entries on the docket of this case sealed. *See Mikes*, 846 F. Supp. at 23 (unsealing entire court file); *United States ex rel. Erickson v. Univ. of Washington,* 339 F. Supp. 2d 1124, 1126 (W.D. Wa. 2004) (same); *United States ex rel. Coughlin v. Int'l Bus. Mach. Corp.*, 992 F. Supp. 137, 141 (N.D.N.Y. 1998) (same); *United States v. CACI Int'l, Inc.,* 885 F. Supp. 80, 83 (S.D.N.Y. 1995) (same).!

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:18-cv-08311-ODW (ASx) | Date | December 29, 2021 |
|---|---|---|---|
| Title | *United States of America et al v. University of Southern California* | | |

    Other courts have addressed the opposite problem, where, after the government decided not to intervene, the relator asked to maintain the seal over the action. These courts regularly deny relators' requests to keep their cases sealed, even when the relator seeks to dismiss the case, observing that "[m]ost courts have . . . decided that a relator's general fear of retaliation is insufficient to rebut the presumption of public access." *U.S. ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 221 (D. Mass. 2012); *see also U.S. v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785 (observing, under same fact pattern as in *Wenzel*, that "there is nothing in the [False Claims Act] evincing a congressional intent to impose a permanent seal over all *qui tam* suits where a relator seeks to voluntarily dismiss the action after the Government declines to intervene"); *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 69 (D.D.C. 2011) (denying relator's request to maintain seal after extensive analysis of sealing factors). These cases reinforce the Court's conclusion that, following a government's choice not to intervene, there is a strong presumption of a public right of access to the complete dockets of False Claims Act cases.

    Accordingly, the Court **ORDERS** that, as of **December 30, 2021**, the entire case is **UNSEALED**.

    **IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |