Mark Hardiman (SBN 136602)
Jonathan Radke (SBN 257324)
**NELSON HARDIMAN LLP**
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone:   (310) 203-2800
Facsimile:   (310) 203-2727
Email:    mhardiman@nelsonhardiman.com
             jradke@nelsonhardiman.com

Attorneys for Defendants
University of Southern California,
and USC Care Medical Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JUSTIN CHEONGSIATMOY, M.D. and IONM LLC; STATE OF CALIFORNIA ex rel. JUSTIN CHEONGSIATMOY, M.D. and IONM LLC; LOS ANGELES COUNTY ex rel. JUSTIN CHEONGSIATMOY, M.D. and IONM LLC; and JUSTIN CHEONGSIATMOY, M.D., | CASE NO.:  2:18-CV-08311-SSS (ASx)  **PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, and USC CARE MEDICAL GROUP, INC., | |
| Defendants. | |

1

**STIPULATED PROTECTIVE ORDER**

1068414.v1

**STIPULATED PROTECTIVE ORDER**

**1.     PURPOSES, LIMITATIONS AND GOOD CAUSE**

      **A.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the claims involved in this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (referred to herein as "Stipulated Protective Order," "Protective Order," or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

      **B.  GOOD CAUSE STATEMENT**

This action is likely to involve non-public commercial, financial, and/or propriety information, as well as individual patients' protected health information, for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, nonpublic and/or proprietary information business practices; nonpublic or proprietary operational reports and similar business information; personal financial and tax filings; medical records; and personal identifying information related to patients' surgeries and intraoperative neurophysiological monitoring services that implicates

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

2

**STIPULATED PROTECTIVE ORDER**

patients' privacy rights under state and federal statutes. Prejudice or harm to a Party or Non-Party may result if no protective order is granted. In particular, the privacy rights of Defendants' past and present patients could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order. In addition, Defendants' business interests would be undermined if their proprietary information is disclosed for purposes outside those permitted in this Stipulated Protective Order.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for trial, to address the handling of such material at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.  **DEFINITIONS**

2.1  <u>Action</u>: This pending federal lawsuit, captioned as *United States of America ex rel. Justin Cheongsiatmoy, M.D., et al vs. University of Southern California, et al.*, Case No. 2:18-CV-08311-FSW (ASx). This includes subsequent arbitrations should the parties arbitrate a portion of the claims brought in the Action.

2.2  <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3  "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained), testimony, or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u> and as specified above in the Good Cause Statement. "CONFIDENTIAL" Information or Items include, but

1068414.v1

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

are not limited to "individually identifiable health information" as defined in <u>45 C.F.R. § 160.103</u>, and "medical information" as defined in <u>Cal. Civil Code § 56.05(j)</u>.  Any individually identifiable health information or medical information produced may be subject to the provisions of the Privacy Act, <u>5 U.S.C. § 552a</u>; to the provisions of <u>45 C.F.R. §§ 164.102-164.534</u>; to the provisions of <u>42 U.S.C. § 1306</u>; to the provisions of <u>Cal. Civil Code §§ 56.05</u> *et. seq*., the California Confidentiality of Medical Information Act; to the peer review confidentiality provisions set forth in <u>California Evidence Code § 1157</u>, and/or to the privacy provisions of various state(s) law(s), and there may be no waiver or authorization by the patient or other holder of privilege/protection to produce the records to any outside entity.  All patient files, medical records and documents, or other materials containing individually identifiable health information/medical information, and the proceedings and records of peer review committees, shall be deemed to be CONFIDENTIAL.

2.4     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.7     <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.8     <u>House Counsel</u>:  Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

4

**STIPULATED PROTECTIVE ORDER**

1068414.v1

1   counsel.

2       2.9   <u>Non-Party</u>:  Any natural person, partnership, corporation, association,
3   or other legal entity not named as a Party to this action.

4       2.10   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a
5   party to this action but are retained to represent or advise a party to this action and
6   have appeared in this action on behalf of that party or are affiliated with a law firm
7   which has appeared on behalf of that party.

8       2.11   <u>Party</u>:  Any party to this action, including all of its officers, directors,
9   employees, consultants, retained experts, and Outside Counsel of Record (and their
10  support staffs).  For the purpose of this action, "party" or "parties" also includes
11  parties in interest, including the U.S. Government, the State of California, and Los
12  Angeles County.

13      2.12   <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or
14  Discovery Material in this action.

15      2.13   <u>Professional Vendors</u>:  Persons or entities that provide litigation
16  support services (e.g., photocopying, videotaping, translating, preparing exhibits or
17  demonstrations, and organizing, storing, or retrieving data in any form or medium)
18  and their employees and subcontractors.

19      2.14   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is
20  designated as "CONFIDENTIAL", including individually identifiable health
21  information/medical information.

22      2.15   <u>Qualified Persons</u>:  The persons listed in Section 7.2 of this Order to
23  whom information marked "CONFIDENTIAL" may be disclosed.

24      2.16   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery
25  Material from a Producing Party.

26  **3.   <u>SCOPE</u>**

27      The protections conferred by this Stipulation and Protective Order cover not
28  only Protected Material (as defined above), but also (1) any information copied or

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

5

1068414.v1

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.  This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

**STIPULATED PROTECTIVE ORDER**

1068414.v1

1    Party to sanctions.

2          If it comes to a Designating Party's attention that information or items that it

3    designated for protection do not qualify for protection, that Designating Party must

4    promptly notify all other Parties that it is withdrawing the inapplicable designation.

5          5.2    Manner and Timing of Designations.  Except as otherwise provided in

6    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

7    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

8    under this Order must be clearly so designated before the material is disclosed or

9    produced.

10         Designation in conformity with this Order requires the following:

11         (a)    For information in documentary form (e.g., paper or electronic

12   documents, but excluding transcripts of depositions or other pretrial or trial

13   proceedings), designation requires that the Producing Party affix the legend

14   "CONFIDENTIAL" to the document.

15         A Party or Non-Party that makes original documents or materials available for

16   inspection need not designate them for protection until after the inspecting Party has

17   indicated which documents or material it would like copied and produced.  During

18   the inspection and before the designation, all of the material made available for

19   inspection shall be deemed "CONFIDENTIAL".  After the inspecting Party has

20   identified the documents it wants copied and produced, the Producing Party must

21   determine which documents, or portions thereof, qualify for protection under this

22   Order.  Then, before producing the specified documents, the Producing Party must

23   affix the "CONFIDENTIAL" legend to the documents.

24         (b)    For testimony given in deposition or in other pretrial or trial

25   proceedings, designation requires that the Designating Party identify on the record,

26   before the close of the deposition, hearing, or other proceeding, all the testimony

27   believed to be protected by subject matter.

28         Within 30 days following receipt of the final transcript for the deposition,

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

7

**STIPULATED PROTECTIVE ORDER**

1068414.v1

hearing, or other proceeding, the Party or Non-Party that sponsors, offers, or gives the testimony shall identify the specific by pages and line numbers the portions of the testimony as to which protection applies. In such an instance, only those portions of the testimony that are appropriately designated shall be covered by the provisions of this Order.  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary and for any other tangible items, designation requires that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Moreover, any document containing individually identifiable health information/ medical information shall be treated as Protected Material regardless of whether or not such a designation is included in or on the document.

5.4    <u>Effect of Designation</u>.    The designation of information as "CONFIDENTIAL" pursuant to this Protective Order shall not be construed as an admission of the relevance or confidentiality of such information in the action.

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of Protected Material at any time that is consistent with the Court's

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

**STIPULATED PROTECTIVE ORDER**
1068414.v1

1   Scheduling Order.

2        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

3   resolution process under Local Rule 37-1 et seq.

4        6.3    The burden of persuasion in any such challenge proceeding shall be on

5   the Designating Party. Frivolous challenges, and those made for an improper

6   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

7   parties) may expose the Challenging Party to sanctions. Unless the Designating

8   Party has waived or withdrawn the confidentiality designation, all Parties shall

9   continue to afford the material in question the level of protection to which it is

10  entitled under the Producing Party's designation until the Court rules on the

11  challenge.

12  **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

13       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

14  disclosed or produced by another Party or by a Non-Party in connection with this

15  action only for prosecuting, defending, or attempting to settle this action or the

16  claims asserted in this action. Such Protected Material may be disclosed only to the

17  categories of persons and under the conditions described in this Order. When the

18  action has been terminated, a Receiving Party must comply with the provisions of

19  section 13 below (FINAL DISPOSITION).

20       Protected Material must be stored and maintained by a Receiving Party at a

21  location and in a secure manner that ensures that access is limited to the persons

22  authorized under this Order. Qualified Persons shall take reasonable measures to

23  safeguard and maintain the confidentiality and security of Protected Material in

24  accordance with applicable law.

25       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

26  otherwise ordered by the Court or permitted in writing by the Designating Party, a

27  Receiving Party may disclose any information or item designated

28  "CONFIDENTIAL" only to the following Qualified Persons:

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

9

(a)  the Receiving Party's Outside Counsel of Record in this action and their support staff, as well as any other employees or third-party vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Parties in interests, including the U.S. Government, the State of California, and/or Los Angeles County;

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the Court and its personnel;

(f)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  any deponent, prospective witness, or trial witness where necessary to the testimony of such witness, provided there is a reasonable basis to believe that disclosure of the Protected Material to the witness will lead to relevant testimony or the discovery of admissible evidence, and only to the extent that the witness authored or received a copy of the Protected Material through legitimate means prior to being presented the Protected Material by Counsel or had knowledge of the subject matter described therein, and provided the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits

**STIPULATED PROTECTIVE ORDER**

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1068414.v1

to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  mediators, arbitrators, or similar outside parties and their staffs enlisted by all Parties to assist in the resolution of this matter; or

(j)  any other person with the prior written consent of the Producing Party.

## 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

11

**STIPULATED PROTECTIVE ORDER**

1  to disobey a lawful directive from another court.

2  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

3  **PRODUCED IN THIS LITIGATION**

4  (a)  The terms of this Order are applicable to information produced by a Non-

5  Party in this action and designated as "CONFIDENTIAL".  Such information

6  produced by Non-Parties in connection with this litigation is protected by the

7  remedies and relief provided by this Order.  Nothing in these provisions should be

8  construed as prohibiting a Non-Party from seeking additional protections.

9  (b)  In the event that a Party is required, by a valid discovery request, to

10  produce a Non-Party's confidential information in its possession, and the Party is

11  subject to an agreement with the Non-Party not to produce the Non-Party's

12  confidential information, then the Party shall:

13  (1)  promptly notify in writing the Requesting Party and the Non-Party

14  that some or all of the information requested is subject to a confidentiality

15  agreement with a Non-Party;

16  (2)  promptly provide the Non-Party with a copy of the Stipulated

17  Protective Order in this action, the relevant discovery request(s), and a

18  reasonably specific description of the information requested; and

19  (3)  make the information requested available for inspection by the

20  Non-Party.

21  (c)  If the Non-Party fails to object or seek a protective order from this Court

22  within 14 days of receiving the notice and accompanying information, the Receiving

23  Party may produce the Non-Party's confidential information responsive to the

24  discovery request.  If the Non-Party timely seeks a protective order, the Receiving

25  Party shall not produce any information in its possession or control that is subject to

26  the confidentiality agreement with the Non-Party before a determination by the

27  court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

28  expense of seeking protection in this court of its Protected Material.

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

12

**STIPULATED PROTECTIVE ORDER**

1068414.v1

**10.**  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party learns that it inadvertently produced protected material or material that is subject to a claim of privilege or other protection, the Producing Party must notify the Receiving Party immediately.  The obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), which are incorporated herein.  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree to, and the Court orders, protection of privileged and otherwise Protected Material against claims of waiver, including as against third parties and in other federal and state proceedings.  However, the provisions of Rule 502(a) apply to the question of waiver in circumstances where a Party uses Protected Material to support a claim or defense in a court filing, a court proceeding, or at a deposition without a timely objection.

**12.**  **MISCELLANEOUS**

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

13

1068414.v1

Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. A Party has the right to bring before the Court at any time the question of whether any particular information is relevant to the subject matter or issues involved in the Action, and such right is hereby expressly reserved.

12.3    <u>Filing Protected Material</u>.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  If a Party intends to file a document containing Protected Material in connection with a discovery motion or discovery proceeding, sealing shall be sought pursuant to the Court's Local Rules, or the parties shall confer about the application of redactions for a public filing.  If a Party intends to file a document containing Protected Material in connection with any court proceeding seeking adjudication of matters other than discovery motions or proceedings, that Party shall file the document in accordance with the procedures set forth in Civil Local Rule 79-5.  No Protected Material may be used in such a way (including lodging or filing) that would permit it to become part of the public record without the Party who designated and produced the Protected Material having an opportunity to move to seal the Protected Material. The Party who received information designated as "CONFIDENTIAL" shall cooperate in good faith with the Party who designated the Protected Material in facilitating that Party's attempt to obtain a court order sealing the Protected Material.

## 13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4 of the Stipulated Protective Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

14

1068414.v1

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any unauthorized copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, investigation documentation, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 16, 2022          **NICHOLS KASTER, LLP**

/s/ *Rebekah Bailey*

_____
Rebekah Bailey

**LAW OFFICE OF ALICE CHANG**
Alice Chang

**DESAI LAW FIRM, P.C.**
Aashish Desai

*Attorneys for Plaintiff-Relators*

**STIPULATED PROTECTIVE ORDER**

1068414.v1

Dated: September 16, 2022          **NELSON HARDIMAN LLP**

/s/ *Mark Hardiman*

_____

Mark Hardiman

*Attorneys for Defendants*

**ORDER**

GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: September 19, 2022          _____/ s / Sagar_____
                                  HONORABLE ALKA SAGAR
                                  United States Magistrate Judge

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

16

**STIPULATED PROTECTIVE ORDER**

1068414.v1

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

Name: _____

Address: _____

Telephone: _____

Email: _____

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on September __, 2022 in the case of *United States of America ex rel. Justin Cheongsiatmoy, M.D., et al. v. University of Southern California, et al.*, Case No. 2:18-CV-08311-FSW (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed under penalty of perjury under the laws of the United States in [City], [State].

_____

[Name]

**STIPULATED PROTECTIVE ORDER**

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14ᵗʰ Floor
LOS ANGELES, CALIFORNIA 90024

1068414.v1