ALICE CHANG (SBN 239761)
alicechangjdmba@gmail.com
13048 Del Monte Dr, Apt 42F
Seal Beach, CA 90740
Telephone: (714) 507-6161

Attorneys for Plaintiffs-Relators

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **IONM LLC**, a Delaware corporation and *ex rel.* **JUSTIN CHEONGSIATMOY, M.D.**; **STATE OF CALIFORNIA** *ex rel.* **IONM LLC**, a Delaware corporation and *ex rel.* **JUSTIN CHEONGSIATMOY, M.D.**; **LOS ANGELES COUNTY** *ex rel.* **IONM LLC**, a Delaware corporation and *ex rel.* **JUSTIN CHEONGSIATMOY, M.D.**; and **JUSTIN CHEONGSIATMOY, M.D.**, in his individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>**UNIVERSITY OF SOUTHERN CALIFORNIA**, a California corporation,<br><br>and<br><br>**USC CARE MEDICAL GROUP, INC.**, a California corporation,<br><br>Defendants. | Case No. 2:18-cv-08311-WLH (AS)<br><br>**NOTICE OF NO RESPONSE FROM DEFENDANTS RE: DEADLINE CERTAIN FOR DEFENDANTS' SETTLEMENT OFFER; RELATOR URGES THE GOVERNMENTS TO IMMEDIATELY INTERVENE OR RELATOR MAY HAVE NO CHOICE BUT TO SEEK DEFAULT JUDGMENT AGAINST DEFENDANTS GIVEN DEFENDANTS' CONTINUED INSISTENENCE ON LITIGATION AND THREATS OF SANCTIONS AGAINST RELATOR** |

PLEASE TAKE NOTICE that instead of responding to Attorney Chang's Request to email Attorney Chang with a Deadline Certain for Defendants' Settlement Offer (Dkt. 282), Defendants insist on continued litigation and threaten to seek sanctions against Relator (Exhibit A); Relator urges the Governments to immediately intervene or Relator may have no choice but to seek Default Judgement against

Defendants as to claims outlined in Relator's Complaint filed at Dkt. 210.

The case docket shows that on March 3, 2023, Plaintiff-Relators filed the operative Fifth Amended Complaint (Dkt. 210). Under Rule 12(a)(4), <u>unless the Court sets a different time</u>, Defendants were required to plead or otherwise respond to the Complaint by March 17, 2023, yet Defendants did not file any answer to the Complaint until March 24, 2023. See Dkt. 214. The case docket further shows Defendants never filed on the docket for Court approval any request and/or stipulation for extension of time for Defendants to plead or otherwise respond to the Complaint.

Defendants never sent any draft stipulation for a continuance, and even then, a continuance of a deadline to respond to the Complaint must have been granted by Court Order <u>prior</u> to the expiration of the deadline for response. See Rule 12(a)(4).

The Court Order at Dkt. 272 cites *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 722 (9th Cir. 1994) noting Congress' intent "to place full responsibility for False Claims Act litigation on private parties, absent early intervention by the government or later intervention for good cause..." With the right to litigate on behalf of the Governments, Relator could have immediately sought a Default Judgment against Defendants as to the claims in the Relator's Fifth Amended Complaint (Dkt. 210) but refrained from doing so because Mark Hardiman ("the only attorney who has been provided the authority by USC to negotiate and resolve this case through settlement," Decl. of Mark Hardiman filed at Dkt. 258) represented a formal offer addressing all the issues raised by Relator was forthcoming.

Instead, Defendants have made their intentions clear by refusing to provide Attorney Chang with a deadline certain for Defendants' settlement offer; Defendants instead are threatening to compel discovery on information the Governments have not consented to disclosing and further threatening Relator with sanctions.

Given the history, Relator urges the Governments to take timely action and immediately intervene or Relator may have no choice but to seek a Default

2

Judgment against Defendants.

Dated: February 1, 2024

                                                  /s/ Alice Chang
                                Alice Chang, Attorneys for Plaintiff-Relators

# Exhibit A



JONATHAN RADKE

JRADKE@NELSONHARDIMAN.COM

January 31, 2024

**VIA E-MAIL ONLY**

Alice Chang
13048 Del Monte Dr., Apt. 42F
Seal Beach, CA 90740
alicechangjdmba@gmail.com

  Re: **Request to Meet and Confer Per L.R. 37-1**
     *U.S. ex rel. Cheongsiatmoy v. USC et al.*, **Case No. 2:18-CV-08311**

Dear Ms. Chang:

  We write to meet and confer regarding Relator Justin Cheongsiatmoy's ("Relator") failure to respond to Defendants University of Southern California and USC Care Medical Group, Inc.'s ("Defendants") discovery requests that were served on November 21, 2023. Pursuant to Central District Local Rule 37-1, we request a meet and confer conference to discuss Relator's overdue responses and document production and determine whether the parties can resolve this discovery dispute without court intervention.

  On November 21, 2023, USC served Relator with Defendants' First Set of Requests for Admission ("RFA"), (2) First Set of Interrogatories ("Interrogatories"), and (3) First Set of Requests for Production of Documents ("RFP"). Relator's responses to these discovery requests were due on or about December 24, 2023.

  On December 12, 2023, Relator sent an email containing a filemail link to his document production (RELATOR0000001-RELATOR0002903) which expired in 7 days, but summarily objected to the other discovery requests. When Defendants' counsel asked you to resend the link on January 10, 2023, you refused, stating, "reproductions are not an acceptable replacement for original production of documents on the date the documents were originally served." Further, you served no written response to the RFPs as required by Federal Rule of Civil Procedure ("FRCP") 34(b)(2).

  To date, Relator has provided no responses to the interrogatories and RFAs or served written responses and objections that comply with the FRCP 33 and 36. Additionally, your refusal to resend a link with Relator's document production has no legal basis and violates basic notions of professional courtesy and civility. *See* Fed. R. Civ. Proc., Rules 33, 34, & 36; *see also* Central District Civility and Professionalism Guidelines, Rule 5.

January 31, 2024
Page 2

In addition, Relator's apparent objection to discovery absent a "formal meet and confer" concerning settlement is improper and has no effect on Relator's obligation to timely respond to Defendants' discovery requests. As you know, Defendants do not agree to a stay of this action while the parties are engaged in settlement negotiations. Accordingly, Defendants are proceeding with discovery and will be filing a motion to compel Relator's responses to these requests and an award of sanctions if Relator continues to obstruct and abuse the discovery process.

Pursuant to Local Rule 37-1, the parties must confer within ten days of this letter. We are available to meet on February 5, 2024 between 11:00 a.m. and 5:00 p.m.; February 6, 2024 between 11:00 a.m. and 1:00 p.m.; or February 8, 2024 between 11:00 a.m. and 4:00 p.m.

Please let us know when you are available and we will schedule a meet and confer conference. We look forward to hearing from you.

Sincerely,

NELSON HARDIMAN, LLP

*/s/ Jonathan Radke*

By:  Jonathan Radke