Mark Hardiman (SBN 136602)
Jonathan Radke (SBN 257324)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone:   (310) 203-2800
Facsimile:   (310) 203-2727
Email:   mhardiman@leechtishman.com
            jradke@leechtishman.com

Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA and
USC CARE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* IONM LLC, a Delaware corporation and *ex rel.* JUSTIN CHEONGSIATMOY, M.D.; STATE OF CALIFORNIA *ex rel.* IONM LLC, a Delaware corporation and *ex rel.* JUSTIN CHEONGSIATMOY, M.D.; LOS ANGELES COUNTY *ex rel.* IONM LLC, a Delaware corporation and *ex rel.* JUSTIN CHEONGSIATMOY, M.D.; and JUSTIN CHEONGSIATMOY, M.D., in his individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California corporation, and USC CARE MEDICAL GROUP, INC., a California corporation,<br><br>Defendants. | CASE NO:   2: 18-cv-08311-WLH (ASx)<br><br>JUDGE: Hon. Wesley L. Hsu<br><br>**JOINT STATUS REPORT BY DEFENDANTS UNIVERSITY OF SOUTHERN CALIFORNIA AND USC CARE MEDICAL GROUP, INC. AND NON-PARTIES UNITED STATES OF AMERICA AND STATE OF CALIFORNIA**<br><br>Action Filed:   September 26, 2018<br>Trial Date:   None |

**JOINT STATUS REPORT**

1177631.v1

## I. INTRODUCTION

The United States of America (the "United States") and the State of California ("California"), as well as Defendants University of Southern California and USC Care Medical Group, Inc. ("Defendants") submit this Joint Status Report to notify the Court that they have not received any indication that Justin Cheongsiatmoy, M.D. and IONM LLC ("Relators") have retained new counsel. Notwithstanding the apparent failure of Relators to obtain new counsel, the Defendants and the United States and California (collectively, the "Governments")[1] believe that the interests of justice would be best served by again continuing for an additional 60 days the Status Conference regarding Relators' legal representation (the "Representation Status Conference"), which is presently scheduled to take place on January 3, 2025. Dkt. 361, 362, 371.

Specifically, continuing the Representation Status Conference for an additional 60 days will allow the Governments and Defendants to conclude their settlement negotiations, as to which they have agreements in principle (subject to verification of the loss amounts[2] and internal approvals), and potentially to seek leave to intervene for the purpose of allowing the Relators the opportunity to present to the Court any objections they may have regarding the settlement and/or to be heard regarding the appropriate percentage of the settlement proceeds to be awarded to them. In addition, another short continuance would relieve the Court of having to issue a ruling on the consequences of Relators' failure to obtain new counsel.

Accordingly, the Governments and Defendants respectfully request an continuance of the Representation Status Conference for an additional 60 days.

## II. STATEMENT OF FACTS

On July 11, 2024, the Desai Law Firm filed a motion to withdraw as local

---

[1] The Governments are not parties to this action but are instead real parties in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934-35 (2009).

[2] As explained below, substantial progress has been made with respect to verification of loss amounts, but the verification process is not yet complete.

**JOINT STATUS REPORT**

1177631.v1

counsel. Dkt. 341. In its Statement of Interest ("SOI") filed on August 26, 2024 (Dkt. 353), the United States pointed out that:

> setting a reasonable deadline for relators to obtain new counsel in this case would allow time for the United States to determine whether, given the changed circumstances, it is appropriate to request leave to intervene for good cause pursuant to 31 U.S.C. § 3730(c)(3) to facilitate settlement negotiations. Such negotiations, if successful, would serve the interests of judicial efficiency by effectively mooting the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney.

*Id.* at 4:11-17 (footnotes omitted). At the time, the United States believed that 30 days would be a reasonable time to allow relators to obtain new counsel.[3] On August 27, 2024, the Court granted the motion of the Desai Law firm to withdraw as counsel and *sua sponte* terminated the representation of Alice Chang as counsel due to her inactive status. Dkt. 355. The Court also ordered Relators to appear in person at a status conference (the Representation Status Conference) if they had not retained new counsel. The Representation Status Conference was originally scheduled for October 4, 2024 (Dkt. 358) but after reviewing status reports filed by Defendants the Court continued the Representation Status Conference to December 6, 2024 and then to the current date January 3, 2025. Dkt. 371. As of November 20, 2024 (for reasons that are not readily apparent), Relators have not indicated that they have retained new counsel. Dkt. 361.

      Within the past 30 days, significant progress has been made towards resolution of this entire action through settlement. Specifically, the California Department of Insurance finalized a settlement with Defendants, intervened in this action and requested dismissal of all claims asserted under California's Insurance Frauds Prevention Act, Cal. Ins. Code § 1871.7 ("IFPA"). This Court granted the Department of Insurance's request and dismissed the IFPA claims on November 22,

---

[3] Dkt. 353 at p. 4 n.2.

2024. Dkt. 370. Defendants have reached agreements in principle with both the United States and California subject to the United States' verification of the loss amounts, formal internal approvals, finalization, and execution of the respective settlement agreements. However, settlement agreements between the Defendants and the United States regarding Medicare and other federal program claims and California regarding Medi-Cal claims submitted by LAC-USC Medical Center cannot yet be finalized because the process for verifying the amount of the claims is not yet complete; as a result it is estimated the settlements cannot be finalized and signed by the January 3, 2025 date currently set for the Representation Status Conference.

Substantial progress has nevertheless been made towards verification. Specifically, Defendants are currently in the process of providing information that the United States has requested for the purpose of verifying the correct amount of the settlement; the most recent information provided by the Defendants was received on December 23, 2025, but due to the upcoming holidays the United States will be unable to undertake a thorough review of this information until early January. Accordingly, it is expected that completion of the verification process will required at least an additional 30 days. If these agreements are then approved and signed by the relevant parties, the Governments intend to seek leave to intervene. The Governments also contemplate allowing Relators a reasonable opportunity to object to the settlement and/or to be heard regarding the appropriate percentage of the settlement proceeds to be awarded to them.[4] Based on the status of these negotiations, the Governments and the Defendants have determined that continuing the Representation Status Conference for an additional 60 days may allow sufficient

---

[4] The Federal False Claims Act and the California False Claims Act provide that the government may settle a qui tam action notwithstanding the objections of the relator if the Court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. 31 U.S.C. § 3730(c)(2)(B); Cal. Gov't Code § 12652(e)(2)(B).

time for the settlement agreements with the Governments to be finalized and signed and thereafter reviewed by the Court together – rather than separately – for the purpose of determining whether the settlements should be approved, which is in the interest of judicial economy.

### III. THE COURT SHOULD CONTINUE THE REPRESENTATION STATUS CONFERENCE

For the following reasons, this Court should exercise its discretion to continue the Status Conference Regarding Representation for an additional 60 days in the interests of justice.[5] First, as discussed above, and as set forth in the SOI, intervention by the Governments for the purpose of settling this action will "effectively moot[] the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney." Dkt. 353 at p. 4:14-17. Second, continuing the Representation Status Conference again for a short period will allow the Governments and Defendants an opportunity to conclude the settlement negotiations that are now ongoing but cannot be completed by the January 3, 2025, the date currently set for the Representation Status Conference. Third, as discussed above, the Governments will not be in a position to seek leave to intervene until the settlement agreements are finalized and signed. Fourth, if the Representation Status Conference is continued, the Relators will have an opportunity to object to the settlement agreement (and to be heard regarding the appropriate share of the settlement proceeds to be awarded to them), even if they are not represented by

---

[5] In its SOI, the United States pointed out that in *United States ex rel. Lockhart v. General Dynamics Corp.*, No. 4:04cv296-RH/WCS, 2008 WL 11350222 (N.D. Fla. Feb. 19, 2008) the United States filed a SOI for the purpose of asserting that the relator there could not proceed without representation. The court in *Lockhart* set a deadline for relator to retain counsel and then extended that deadline. *Id.* at *1. The SOI filed by the United States here also pointed out that Defendants' *Ex Parte* Application for Order Setting a Status Conference took the position that relators should be allowed a "reasonable period of time" to retain counsel. Dkt. 352 at 4:11-12. The Governments and the Defendants agree that—in light of cases such as *Lockhart* and under the circumstances here—it would be reasonable for the Court to continue the Representation Status Conference.

counsel. For example, in *United States ex rel. Phillips-Minks v. Behavioral Healthcare Corp.* No. CV 98-1012 IEG (LAB) at Dkt. 283 (S.D. Cal. July 27, 2001) (available on PACER), the United States sought to intervene for the purpose of presenting a settlement to the court for approval. The court granted the motion over the objection of the unrepresented relator, noting that the relator would have "an opportunity to object [to the] settlement if she so chooses." *Id.* Dkt. 283 at p. 4:4-5.[6]

## IV. CONCLUSION

For the foregoing reasons, the Governments and Defendants respectfully propose that the Court continue the Representation Status Conference currently scheduled for January 3, 2025 for a period of 60 days.

Respectfully submitted,

Dated: December 24, 2024

LEECH TISHMAN NELSON HARDIMAN, INC.

By: */s/ Jonathan Radke*
Jonathan W. Radke

Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA and USC CARE MEDICAL GROUP, INC.

---

[6] A relator who is not an attorney is not qualified to represent the interests of the United States. *See Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1126-27 (9th Cir. 2007). However, once the Governments have intervened in the action for the purpose of effectuating a settlement, to the extent Relators objects to the settlement (or wishes to be heard regarding the appropriate share of the settlement proceeds to be awarded to them) cases such as *Stoner* may not apply because he is not representing the interests of the Governments. The corporate relator (IONM) must still be represented by counsel (*In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994), but neither the Governments nor Defendants are aware that IONM has any interests beyond those of the individual relator in this case.

| | | |
|---|---|---|
| Dated: December 24, 2024 | | UNITED STATES ATTORNEY'S OFFICE |
| | By: | */s/ Frank Kortum* <br> Frank D. Kortum, AUSA |
| | | Attorneys for Non-Party UNITED STATES OF AMERICA |
| Dated: December 23, 2024 | | CALIFORNIA ATTORNEY GENERAL'S OFFICE |
| | By: | */s/ John Fisher* <br> John P. Fisher |
| | | Attorneys for Non-Party the STATE OF CALIFORNIA |

**JOINT STATUS REPORT**

1177631.v1

**<u>Attestation Pursuant to local Rule 5-4.3.4(a)(2)(i)</u>**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  December 24, 2024

LEECH TISHMAN NELSON HARDIMAN, INC.

By: */s/ Jonathan Radke*
Jonathan W. Radke
Attorneys for Defendants

UNIVERSITY OF SOUTHERN CALIFORNIA and USC CARE MEDICAL GROUP, INC.

**JOINT STATUS REPORT**

1177631.v1