1   Mark Hardiman (SBN 136602)
    **LEECH TISHMAN NELSON HARDIMAN, INC.**
2   1100 Glendon Avenue, 14th Floor
    Los Angeles, CA 90024
3   Telephone: (310) 203-2800
    Facsimile:  (310) 203-2727
4   Email: mhardiman@leechtishman.com

5   Attorneys for Defendants
    University of Southern California and USC Care
6   Medical Group, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  | UNITED STATES OF AMERICA | CASE NO: 2: 18-cv-08311-WLH (ASx) |
    | *ex rel.* IONM LLC, and *ex rel.* JUSTIN | |
12  | CHEONGSIATMOY, M.D.; STATE | JUDGE:Hon. Wesley L. Hsu |
    | OF CALIFORNIA *ex rel.* IONM | |
13  | LLC, and *ex rel.* JUSTIN | **JOINT STATUS REPORT BY** |
    | CHEONGSIATMOY, | **DEFENDANTS UNIVERSITY OF** |
14  | M.D.; LOS ANGELES COUNTY *ex* | **SOUTHERN CALIFORNIA AND USC** |
    | *rel.* IONM LLC, and *ex rel.* JUSTIN | **CARE MEDICAL GROUP, INC. AND** |
15  | CHEONGSIATMOY, M.D.; and | **NON-PARTIES UNITED STATES OF** |
    | JUSTIN CHEONGSIATMOY, | **AMERICA AND STATE OF** |
16  | M.D., in his individual capacity, | **CALIFORNIA** |
17  | Plaintiff, | Action Filed:  September 26, 2018 |
    | | Trial Date:    None |
18  | v. | |
19  | UNIVERSITY OF SOUTHERN | |
    | CALIFORNIA, and USC CARE | |
20  | MEDICAL GROUP, INC., | |
21  | Defendants. | |
22

23

24

25

26

27

28

---

**JOINT STATUS REPORT**

## I.    INTRODUCTION

The United States of America (the "United States") and the State of California ("California"), as well as Defendants University of Southern California and USC Care Medical Group, Inc. ("Defendants") submit this Joint Status Report to notify the Court that they have not received any indication that Justin Cheongsiatmoy, M.D. and IONM LLC ("Relators") have retained new counsel.  Notwithstanding the apparent failure of Relators to obtain new counsel, the Defendants and the United States and California (collectively, the "Governments")[1] believe that the interests of justice would be best served by again continuing for an additional 60 days the Status Conference regarding Relators' legal representation (the "Representation Status Conference"), which is presently scheduled to take place on July 11, 2025, and the hearing on Defendant's motion for partial summary judgment (the "Summary Judgment Motion Hearing") currently set for August 8, 2025.  Dkt. 380.

The previous Status Report (Dkt. 379) indicated that the Governments have obtained the needed internal approvals authorizing them to seek leave to intervene for the purposes of settlement and were negotiating with Defendants regarding specific terms to be included in the formal settlement agreement. Since the last Status Report, the Governments and Defendants have largely finished negotiating the operative terms of the settlement agreement although the finalization and execution of those agreements have been delayed by the recent change in representation for the United States due to the retirement of its former counsel.  Continuing the Representation Status Conference and the Summary Judgment Motion Hearing for an additional 60 days will allow time for the Governments and Defendants to finalize and execute the settlement agreement and for the Governments to then prepare and file the above-referenced motion for leave to intervene. In addition, the requested

---

[1] The Governments are not parties to this action but are instead real parties in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934-35 (2009).

**JOINT STATUS REPORT**

1    continuance would relieve the Court of having to issue rulings on the consequences
2    of Relators' failure to obtain new counsel and the pending summary judgment
3    motion, both of which issues would likely be mooted if the settlement agreements
4    are approved by the Court.

5    　　　Accordingly, the Governments and Defendants respectfully request
6    continuances of the Representation Status Conference and the Summary Judgment
7    Motion Hearing for an additional 60 days.

8    **II.    STATEMENT OF FACTS**

9    　　　As detailed in a prior December 27, 2024 Joint Status Report (Dkt. 372), on
10   July 11, 2024, the Desai Law Firm filed a motion to withdraw as local counsel. Dkt.
11   341. In its Statement of Interest ("SOI") filed on August 26, 2024 (Dkt. 353), the
12   United States pointed out that:

13   　　　setting a reasonable deadline for relators to obtain new counsel in this
     　　　case would allow time for the United States to determine whether, given
14   　　　the changed circumstances, it is appropriate to request leave to
15   　　　intervene for good cause pursuant to 31 U.S.C. § 3730(c)(3) to facilitate
     　　　settlement negotiations.  Such negotiations, if successful, would serve
16   　　　the interests of judicial efficiency by effectively mooting the issue of
17   　　　whether this action should be dismissed . . . based on relators' lack of
     　　　representation by an attorney.
18

19   *Id.* at 4:11-17 (footnotes omitted). At the time, the United States believed that 30
20   days would be a reasonable time to allow relators to obtain new counsel.[2]  On August
21   27, 2024, the Court granted the motion of the Desai Law firm to withdraw as counsel
22   and *sua sponte* terminated the representation of Alice Chang as counsel due to her
23   inactive status. Dkt. 355. The Court also ordered Relators to appear in person at a
24   Representation Status Conference if they had not retained new counsel. The
25   Representation Status Conference was originally scheduled for October 4, 2024

26

27   _____
     [2] Dkt. 353 at p. 4 n.2.
28

**JOINT STATUS REPORT**

1    (Dkt. 358) but after reviewing status reports filed by the Government and/or

2    Defendants, the Court continued the Representation Status Conference to December

3    6, 2024, January 3, 2025, March 7, 2025, May 9, 2025 and then to the current date

4    of July 11, 2025.   Dkt. 369, 371, 373, 377, 380. The Court also continued the

5    Summary Judgment Motion Hearing to December 6, 2024, January 17, 2025, April

6    4, 2025, June 6, 2025 and then to the current date of August 8, 2025. Dkt. 369, 371,

7    373, 377, 380. As of July 7, 2025, Relators have not indicated that they have retained

8    new counsel.

9        As noted in a prior Joint Status Report (Dkt. 372), significant progress has

10   been made towards resolution of this entire action through settlement. Specifically,

11   the California Department of Insurance finalized a settlement with Defendants,

12   intervened in this action and requested dismissal of all claims asserted under

13   California's Insurance Frauds Prevention Act, Cal. Ins. Code § 1871.7 ("IFPA").

14   This Court granted the Department of Insurance's request and dismissed the IFPA

15   claims on November 22, 2024. Dkt. 370. As noted in the most recent Status Report

16   (Dkt. 379), the Governments obtained the needed internal approvals authorizing

17   them to seek leave to intervene for the purposes of settlement and were negotiating

18   with Defendants regarding specific terms to be included in the formal settlement

19   agreement. needed to obtain internal approvals authorizing them to seek leave to

20   intervene for the purpose of allowing the Relators the opportunity to present to the

21   Court any objections they may have regarding the settlement and/or to be heard

22   regarding the appropriate percentage of the settlement proceeds to be awarded to

23   them.  Since the last Joint Status Report, the Governments have largely completed

24   negotiations with Defendants regarding the specific terms to be included in the

25   formal settlement agreement but finalization and execution of the settlement

26   agreement was delayed because the United States' former counsel (AUSA Frank

27   Kortum) is retiring from government service and the case needed to be reassigned

28   to current counsel who needed a reasonable period of time to become familiar with

**JOINT STATUS REPORT**

the case and the status of settlement. Continuing the Representation Status Conference and the Summary Judgment Motion Hearing for an additional 60 days will allow time for the Governments and Defendants to finalize and execute the settlement agreement. Once the settlement is finalized, the Governments will then be able to prepare and file the above-referenced motion for leave to intervene. The hearing on the motion to intervene will provide Relators with a reasonable opportunity to object to the settlement and/or to be heard regarding the appropriate percentage of the settlement proceeds to be awarded to them.[3] Accordingly, continuing the Representation Status Conference for an additional 60 days will allow sufficient time for the settlement agreements with the Governments to be finalized and signed and thereafter reviewed by the Court together – rather than separately – for the purpose of determining whether the settlements should be approved, which is in the interest of judicial economy.

## III.  THE COURT SHOULD CONTINUE THE REPRESENTATION STATUS CONFERENCE AND SUMMARY JUDGMENT MOTION HEARING

For the following reasons, this Court should exercise its discretion to continue the Status Conference Regarding Representation for an additional 60 days in the interests of justice.[4] First, as discussed above, and as set forth in the SOI, intervention

---

[3] The Federal False Claims Act and the California False Claims Act provide that the government may settle a *qui tam* action notwithstanding the objections of the relator if the Court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. 31 U.S.C. § 3730(c)(2)(B); Cal. Gov't Code § 12652(e)(2)(B).

[4] In its SOI, the United States pointed out that in *United States ex rel. Lockhart v. General Dynamics Corp.*, No. 4:04cv296-RH/WCS, 2008 WL 11350222 (N.D. Fla. Feb. 19, 2008) the United States filed a SOI for the purpose of asserting that the relator there could not proceed without representation.  The court in *Lockhart* set a deadline for relator to retain counsel and then extended that deadline. *Id.* at *1. The SOI filed by the United States here also pointed out that Defendants' *Ex Parte* Application for Order Setting a Status Conference took the position that relators

---

**JOINT STATUS REPORT**

1177631.v1

by the Governments for the purpose of settling this action will "effectively moot[] the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney." Dkt. 353 at p. 4:14-17. Second, continuing the Representation Status Conference again for a short period will allow the Governments and Defendants to finalize and execute the settlement agreements, a process that cannot be completed by July 11, 2025, the date currently set for the Representation Status Conference. Third, as discussed above, the Governments will not be in a position to seek leave to intervene until the settlement agreements are finalized and signed. Fourth, if the Representation Status Conference is continued, the Relators will have an opportunity to object to the settlement agreement (and to be heard regarding the appropriate share of the settlement proceeds to be awarded to them), even if they are not represented by counsel. For example, in *United States ex rel. Phillips-Minks v. Behavioral Healthcare Corp.* No. CV 98-1012 IEG (LAB) at Dkt. 283 (S.D. Cal. July 27, 2001) (available on PACER), the United States sought to intervene for the purpose of presenting a settlement to the court for approval. The court granted the motion over the objection of the unrepresented relator, noting that the relator would have "an opportunity to object [to the] settlement if she so chooses." *Id.* Dkt. 283 at p. 4:4-5.[5]

---

should be allowed a "reasonable period of time" to retain counsel. Dkt. 352 at 4:11-12. In light of cases such as *Lockhart* and under the circumstances, the Governments and the Defendants agree that it would be reasonable for the Court to continue the Representation Status Conference.

[5] A relator who is not an attorney is not qualified to represent the interests of the United States. *See Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1126-27 (9th Cir. 2007). However, once the Governments have intervened in the action for the purpose of effectuating a settlement, if Relators object to the settlement or wish to be heard regarding the appropriate share of the settlement proceeds to be awarded to them, cases such as *Stoner* may not apply because Relators are not then representing the interests of the Governments. The corporate relator (IONM, LLC) must still be represented by counsel (*In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994), but neither the Governments nor Defendants are aware that

Since the Court's approval of the settlement agreements would moot Defendants' pending motion for partial summary judgment, judicial economy also supports a continuance of the Summary Judgment Motion Hearing currently set for August 8, 2025 for an additional 60 days as well.

## IV.    CONCLUSION

For the foregoing reasons, the Governments and Defendants respectfully propose that the Court continue the Representation Status Conference currently scheduled for July 11, 2025 and the Summary Judgment Motion hearing currently set for August 8, 2025 for a period of 60 days.

Respectfully submitted,

Dated:  July 9, 2025              LEECH TISHMAN NELSON HARDIMAN, INC.

By: _/s/ Mark Hardiman_
Mark Hardiman

Attorneys for Defendants
University of Southern California and
USC Care Medical Group, Inc.

Dated:  July 9, 2025              UNITED STATES ATTORNEY'S OFFICE

By:    _/s/ Hunter Byron Thomson_
Hunter Byron Thomson, AUSA

Attorneys for Non-Party United States of America

Dated: July 9, 2025              CALIFORNIA ATTORNEY GENERAL'S OFFICE

By: ___ _/s/ John Fisher_
John P. Fisher

Attorneys for Non-Party State of California

_____

IONM, LLC has any interests beyond those of the individual relator (Justin Cheongsiatmoy, M.D.) in this case.

1177631.v1

1

2

**Attestation Pursuant to local Rule 5-4.3.4(a)(2)(i)**

3

      The undersigned attests that all signatories listed, and on whose behalf this

4

filing is submitted, concur in the filing's content and have authorized the filing.

5

6

Dated:  July 9, 2025               LEECH TISHMAN NELSON HARDIMAN, INC.

7

8

                          By: */s/ Mark Hardiman*
                              Mark Hardiman

9

10

                          Attorneys for Defendants
                          University of Southern California and
                          USC Care Medical Group, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STATUS REPORT**

1177631.v1