Mark Hardiman (SBN 136602)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727
Email: mhardiman@leechtishman.com

Attorneys for Defendants
University of Southern California and USC Care Medical Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* IONM LLC, and *ex rel.* JUSTIN CHEONGSIATMOY, M.D.; STATE OF CALIFORNIA *ex rel.* IONM LLC, and *ex rel.* JUSTIN CHEONGSIATMOY, M.D.; LOS ANGELES COUNTY *ex rel.* IONM LLC, and *ex rel.* JUSTIN CHEONGSIATMOY, M.D.; and JUSTIN CHEONGSIATMOY, M.D., in his individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, and USC CARE MEDICAL GROUP, INC.,<br><br>Defendants. | CASE NO: 2: 18-cv-08311-WLH (ASx)<br><br>JUDGE: Hon. Wesley L. Hsu<br><br>**JOINT STATUS REPORT BY DEFENDANTS UNIVERSITY OF SOUTHERN CALIFORNIA AND USC CARE MEDICAL GROUP, INC. AND NON-PARTIES UNITED STATES OF AMERICA AND STATE OF CALIFORNIA**<br><br>Action Filed: September 26, 2018<br>Trial Date:   None |

**JOINT STATUS REPORT**

1177631.v1

I.   **INTRODUCTION**

The United States of America (the "United States") and the State of California ("California"), as well as Defendants University of Southern California and USC Care Medical Group, Inc. ("Defendants") submit this Joint Status Report to notify the Court that they have not received any indication that Justin Cheongsiatmoy, M.D. and IONM LLC ("Relators") have retained new counsel. Notwithstanding the apparent failure of Relators to obtain new counsel, the Defendants and the United States and California (collectively, the "Governments")[1] believe that the interests of justice would be best served by continuing for an additional 60 days (which is anticipated to be the final continuance) the Status Conference regarding Relators' legal representation (the "Representation Status Conference"), which is presently scheduled to take place on November 14, 2025, and the hearing on Defendant's motion for partial summary judgment (the "Summary Judgment Motion Hearing") currently set for December 19, 2025. Dkt. 386.

The previous Status Report (Dkt. 385) indicated that the Governments and Defendants had finalized the settlement agreement but had not yet completed execution of the agreements by all the Parties due to unforeseen delays, including those caused by staffing shortages at one of the affected agencies. Since the last status report, the Parties have been unable to complete the execution of the settlement agreement due to further unforeseen delays caused by the government shutdown. Since it appears that the government shutdown may end this month, continuing the Representation Status Conference and the Summary Judgment Motion Hearing for an additional 60 days will allow time for the Governments and Defendants to fully execute the settlement agreement and for the Governments to then prepare and file the above-referenced motion for leave to intervene. In addition,

---

[1] The Governments are not parties to this action but are instead real parties in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934-35 (2009).

the requested continuance would relieve the Court of having to issue rulings on the consequences of Relators' failure to obtain new counsel and the pending summary judgment motion, both of which issues would likely be mooted if the settlement agreements are approved by the Court.

Accordingly, the Governments and Defendants respectfully request continuances of the Representation Status Conference and the Summary Judgment Motion Hearing for an additional 60 days.

## II.   STATEMENT OF FACTS

As detailed in a prior December 27, 2024 Joint Status Report (Dkt. 372), on July 11, 2024, the Desai Law Firm filed a motion to withdraw as local counsel. Dkt. 341. In its Statement of Interest ("SOI") filed on August 26, 2024 (Dkt. 353), the United States pointed out that:

> setting a reasonable deadline for relators to obtain new counsel in this case would allow time for the United States to determine whether, given the changed circumstances, it is appropriate to request leave to intervene for good cause pursuant to 31 U.S.C. § 3730(c)(3) to facilitate settlement negotiations. Such negotiations, if successful, would serve the interests of judicial efficiency by effectively mooting the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney.

*Id.* at 4:11-17 (footnotes omitted). At the time, the United States believed that 30 days would be a reasonable time to allow relators to obtain new counsel.[2] On August 27, 2024, the Court granted the motion of the Desai Law firm to withdraw as counsel and *sua sponte* terminated the representation of Alice Chang as counsel due to her inactive status. Dkt. 355. The Court also ordered Relators to appear in person at a Representation Status Conference if they had not retained new counsel. The Representation Status Conference was originally scheduled for October 4, 2024

---

[2] Dkt. 353 at p. 4 n.2.

1  (Dkt. 358) but after reviewing status reports filed by the Government and/or
2  Defendants, the Court continued the Representation Status Conference to December
3  6, 2024, January 3, 2025, March 7, 2025, May 9, 2025, July 11, 2025, September
4  12, 2025 and then to the current date of November 14, 2025.  Dkt. 369, 371, 373,
5  377, 380, 384, 386. The Court also continued the Summary Judgment Motion
6  Hearing to December 6, 2024, January 17, 2025, April 4, 2025, June 6, 2025, August
7  8, 2025, October 17, 2025 and then to the current date of December 19, 2025. Dkt.
8  369, 371, 373, 377, 380, 384, 386. As of November 10, 2025, Relators have not
9  indicated that they have retained new counsel.
10         As noted in a prior Joint Status Report (Dkt. 372), significant progress has
11  been made towards resolution of this entire action through settlement. Specifically,
12  the California Department of Insurance finalized a settlement with Defendants,
13  intervened in this action and requested dismissal of all claims asserted under
14  California's Insurance Frauds Prevention Act, Cal. Ins. Code § 1871.7 ("IFPA").
15  This Court granted the Department of Insurance's request and dismissed the IFPA
16  claims on November 22, 2024. Dkt. 370. As noted in the most recent Status Report
17  (Dkt. 385), the Governments had finalized the formal settlement agreement but
18  execution of the settlement agreement was not completed due to unforeseen delays,
19  including those caused by staffing shortages at one of the settling federal agencies,
20  and that delay in execution of the agreement has been extended due to the
21  government shutdown.  Continuing the Representation Status Conference and the
22  Summary Judgment Motion Hearing for an additional 60 days will allow time for
23  the Governments and Defendants to fully execute the settlement agreement as it now
24  appears that the government shutdown will likely end this month. Once the
25  settlement is finalized, the Governments will then be able to prepare and file the
26  above-referenced motion for leave to intervene. The hearing on the motion to
27  intervene will provide Relators with a reasonable opportunity to object to the
28  settlement and/or to be heard regarding the appropriate percentage of the settlement

**JOINT STATUS REPORT**

1177631.v1

proceeds to be awarded to them.[3] Accordingly, continuing the Representation Status Conference for an additional 60 days will allow sufficient time for the settlement agreements with the Governments to be finalized and signed and thereafter reviewed by the Court together – rather than separately – for the purpose of determining whether the settlements should be approved, which is in the interest of judicial economy.

### III. THE COURT SHOULD CONTINUE THE REPRESENTATION STATUS CONFERENCE AND SUMMARY JUDGMENT MOTION HEARING

For the following reasons, this Court should exercise its discretion to continue the Status Conference Regarding Representation for an additional 60 days in the interests of justice.[4] First, as discussed above, and as set forth in the SOI, intervention by the Governments for the purpose of settling this action will "effectively moot[] the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney." Dkt. 353 at p. 4:14-17. Second, continuing the Representation Status Conference again for a short period will allow the

---

[3] The Federal False Claims Act and the California False Claims Act provide that the government may settle a *qui tam* action notwithstanding the objections of the relator if the Court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. 31 U.S.C. § 3730(c)(2)(B); Cal. Gov't Code § 12652(e)(2)(B).

[4] In its SOI, the United States pointed out that in *United States ex rel. Lockhart v. General Dynamics Corp.*, No. 4:04cv296-RH/WCS, 2008 WL 11350222 (N.D. Fla. Feb. 19, 2008) the United States filed a SOI for the purpose of asserting that the relator there could not proceed without representation. The court in *Lockhart* set a deadline for relator to retain counsel and then extended that deadline. *Id.* at *1. The SOI filed by the United States here also pointed out that Defendants' *Ex Parte* Application for Order Setting a Status Conference took the position that relators should be allowed a "reasonable period of time" to retain counsel. Dkt. 352 at 4:11-12. In light of cases such as *Lockhart* and under the circumstances, the Governments and the Defendants agree that it would be reasonable for the Court to continue the Representation Status Conference.

---

**JOINT STATUS REPORT**

1177631.v1

Governments and Defendants to execute the settlement agreement, a process that cannot be completed by November 14, 2025, the date currently set for the Representation Status Conference. Third, as discussed above, the Governments will not be in a position to seek leave to intervene until the settlement agreements are signed. Fourth, if the Representation Status Conference is continued, the Relators will have an opportunity to object to the settlement agreement (and to be heard regarding the appropriate share of the settlement proceeds to be awarded to them), even if they are not represented by counsel. For example, in *United States ex rel. Phillips-Minks v. Behavioral Healthcare Corp.* No. CV 98-1012 IEG (LAB) at Dkt. 283 (S.D. Cal. July 27, 2001) (available on PACER), the United States sought to intervene for the purpose of presenting a settlement to the court for approval. The court granted the motion over the objection of the unrepresented relator, noting that the relator would have "an opportunity to object [to the] settlement if she so chooses." *Id.* Dkt. 283 at p. 4:4-5.[5]

Since the Court's approval of the settlement agreements would moot Defendants' pending motion for partial summary judgment, judicial economy also supports a continuance of the Summary Judgment Motion Hearing currently set for December 19, 2025 for an additional 60 days as well.

---

[5] A relator who is not an attorney is not qualified to represent the interests of the United States. *See Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1126-27 (9th Cir. 2007). However, once the Governments have intervened in the action for the purpose of effectuating a settlement, if Relators object to the settlement or wish to be heard regarding the appropriate share of the settlement proceeds to be awarded to them, cases such as *Stoner* may not apply because Relators are not then representing the interests of the Governments. The corporate relator (IONM, LLC) must still be represented by counsel (*In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994), but neither the Governments nor Defendants are aware that IONM, LLC has any interests beyond those of the individual relator (Justin Cheongsiatmoy, M.D.) in this case.

**JOINT STATUS REPORT**

1177631.v1

## IV. CONCLUSION

For the foregoing reasons, the Governments and Defendants respectfully propose that the Court continue the Representation Status Conference currently scheduled for November 14, 2025 and the Summary Judgment Motion hearing currently set for December 19, 2025 for a period of 60 days.

Respectfully submitted,

Dated: November 10, 2025    LEECH TISHMAN NELSON HARDIMAN, INC.

By: */s/ Mark Hardiman*
    Mark Hardiman

Attorneys for Defendants
University of Southern California and
USC Care Medical Group, Inc.

Dated: November 10, 2025    UNITED STATES ATTORNEY'S OFFICE

By:    */s/ Hunter Byron Thomson*
    Hunter Byron Thomson, AUSA

Attorneys for Non-Party United States of America

Dated: November 10, 2025    CALIFORNIA ATTORNEY GENERAL'S OFFICE

By:    */s/ John Fisher*
    John P. Fisher

Attorneys for Non-Party State of California

**JOINT STATUS REPORT**

1177631.v1

**<u>Attestation Pursuant to local Rule 5-4.3.4(a)(2)(i)</u>**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 10, 2025

LEECH TISHMAN NELSON HARDIMAN, INC.

By: */s/ Mark Hardiman*
Mark Hardiman

Attorneys for Defendants
University of Southern California and
USC Care Medical Group, Inc.

**JOINT STATUS REPORT**

1177631.v1

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024.

On November 10, 2025, I served on the interested parties the document(s) described as **JOINT STATUS REPORT BY DEFENDANTS UNIVERSITY OF SOUTHERN CALIFORNIA AND USC CARE MEDICAL GROUP, INC. AND NON-PARTIES UNITED STATES OF AMERICA AND STATE OF CALIFORNIA** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Justin Cheongsiatmoy
304 SE Hearthwood Blvd, No. 872814
Vancouver, WA 98687

Relator, Pro Se

☒ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of LEECH TISHMAN NELSON HARDIMAN, INC. and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of LEECH TISHMAN NELSON HARDIMAN, INC. for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

Executed under penalty of perjury on November 10, 2025 at Wallace, Michigan.

| Mark S. Hardiman | /s/ *M.S. Hardiman* |
|---|---|
| Type or Print Name | Signature |

**JOINT STATUS REPORT**

1177631.v1