1  Mark Hardiman (SBN 136602)
   **LEECH TISHMAN NELSON HARDIMAN, INC.**
2  1100 Glendon Avenue, 14th Floor
   Los Angeles, CA 90024
3  Telephone: (310) 203-2800
   Facsimile:  (310) 203-2727
4  Email: mhardiman@leechtishman.com

5  Attorneys for Defendants
   University of Southern California and USC Care
6  Medical Group, Inc.

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA *ex rel.* IONM LLC, and *ex rel.* JUSTIN<br>12  CHEONGSIATMOY, M.D.; STATE OF CALIFORNIA *ex rel.* IONM<br>13  LLC, and *ex rel.* JUSTIN CHEONGSIATMOY,<br>14  M.D.; LOS ANGELES COUNTY *ex rel.* IONM LLC, and *ex rel.* JUSTIN<br>15  CHEONGSIATMOY, M.D.; and JUSTIN CHEONGSIATMOY,<br>16  M.D., in his individual capacity,<br><br>17          Plaintiff,<br><br>18      v.<br><br>19  UNIVERSITY OF SOUTHERN CALIFORNIA, and USC CARE<br>20  MEDICAL GROUP, INC.,<br><br>21          Defendants. | CASE NO: 2: 18-cv-08311-WLH (ASx)<br><br>JUDGE: Hon. Wesley L. Hsu<br><br>**JOINT STATUS REPORT BY DEFENDANTS UNIVERSITY OF SOUTHERN CALIFORNIA AND USC CARE MEDICAL GROUP, INC. AND NON-PARTIES UNITED STATES OF AMERICA AND STATE OF CALIFORNIA**<br><br>Action Filed:  September 26, 2018<br>Trial Date:    None |

22

23

24

25

26

27

28

---

**JOINT STATUS REPORT**

1177631.v1

## I.    INTRODUCTION

The United States of America (the "United States") and the State of California ("California") (collectively, the "Governments")[1] as well as Defendants University of Southern California and USC Care Medical Group, Inc. ("Defendants") submit this Joint Status Report to notify the Court that the settlement agreement between the United States, California and the Defendants has now been signed and the Governments will be filing a motion for leave to intervene for the purpose of settling this action by no later than March 13, 2026. As a result, while Defendants and the Governments have not received any indication that Justin Cheongsiatmoy, M.D. and IONM LLC ("Relators") have retained new counsel, they believe that the interests of justice would be best served by continuing for an additional 60 days (which should be the final continuance) the Status Conference regarding Relators' legal representation (the "Representation Status Conference"), which is presently scheduled to take place on March 6, 2026, and the hearing on Defendant's motion for partial summary judgment (the "Summary Judgment Motion Hearing") currently set for March 13, 2025, because such a continuance would relieve the Court of having to issue rulings on the Representation Status Conference and the Summary Judgment Motion Hearing, both of which issues will likely be mooted if the settlement agreement is approved by the Court. *See* Dkt. 389, 390.

Accordingly, the Governments and Defendants respectfully request continuances of the Representation Status Conference and the Summary Judgment Motion Hearing for an additional 60 days so that the Governments can file their motion for leave intervene for the purpose of settlement on or before March 13, 2026.

---

[1] The Governments are not parties to this action but are instead real parties in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934-35 (2009).

**JOINT STATUS REPORT**

1177631.v1

## II.   STATEMENT OF FACTS

As detailed in a prior December 27, 2024 Joint Status Report (Dkt. 372), on July 11, 2024, the Desai Law Firm filed a motion to withdraw as local counsel. Dkt. 341. In its Statement of Interest ("SOI") filed on August 26, 2024 (Dkt. 353), the United States pointed out that:

> setting a reasonable deadline for relators to obtain new counsel in this case would allow time for the United States to determine whether, given the changed circumstances, it is appropriate to request leave to intervene for good cause pursuant to 31 U.S.C. § 3730(c)(3) to facilitate settlement negotiations.  Such negotiations, if successful, would serve the interests of judicial efficiency by effectively mooting the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney.

*Id.* at 4:11-17 (footnotes omitted). At the time, the United States believed that 30 days would be a reasonable time to allow relators to obtain new counsel.[2] On August 27, 2024, the Court granted the motion of the Desai Law firm to withdraw as counsel and *sua sponte* terminated the representation of Alice Chang as counsel due to her inactive status. Dkt. 355. The Court also ordered Relators to appear in person at a Representation Status Conference if they had not retained new counsel. The Representation Status Conference was originally scheduled for October 4, 2024 (Dkt. 358) but after reviewing status reports filed by the Government and/or Defendants, the Court continued the Representation Status Conference to December 6, 2024, January 3, 2025, March 7, 2025, May 9, 2025, July 11, 2025, September 12, 2025, November 14, 2025, January 16, 2026, and then to the current date of March 6, 2026.  Dkt. 369, 371, 373, 377, 380, 384, 386, 388, 389. The Court also continued the Summary Judgment Motion Hearing to December 6, 2024, January 17, 2025, April 4, 2025, June 6, 2025, August 8, 2025, October 17, 2025, December

---

[2] Dkt. 353 at p. 4 n.2.

19, 2025, February 20, 2026 and then to the current date of March 13, 2026.  Dkt. 369, 371, 373, 377, 380, 384, 386, 388, 390. As of March 3, 2026, Relators have not indicated that they have retained new counsel.

As noted in a prior Joint Status Report (Dkt. 372), significant progress has been made towards resolution of this entire action through settlement. Specifically, the California Department of Insurance finalized a settlement with Defendants, intervened in this action and requested dismissal of all claims asserted under California's Insurance Frauds Prevention Act, Cal. Ins. Code § 1871.7 ("IFPA"). This Court granted the Department of Insurance's request and dismissed the IFPA claims on November 22, 2024. Dkt. 370. As noted in the most recent Status Report (Dkt. 387), execution of the formal settlement agreement between Defendants and the Governments was subject to unforeseen delays, but the agreement has now been signed and the Governments will file their motion for leave to intervene for purpose of obtaining this Court's approval of the agreement by no later than March 13, 2026.

Continuing the Representation Status Conference and the Summary Judgment Motion Hearing for an additional 60 days will allow the Governments to file their motion for leave to intervene and Relators will then have a reasonable opportunity to object to the settlement and/or to be heard regarding the appropriate percentage of the settlement proceeds to be awarded to them at the hearing on such motion.[3]

## III.   THE COURT SHOULD CONTINUE THE REPRESENTATION STATUS CONFERENCE AND SUMMARY JUDGMENT MOTION HEARING

Based on the above facts, this Court should exercise its discretion to continue the Status Conference Regarding Representation for an additional 60 days in the

---

[3] The Federal False Claims Act and the California False Claims Act provide that the government may settle a *qui tam* action notwithstanding the objections of the relator if the Court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. 31 U.S.C. § 3730(c)(2)(B); Cal. Gov't Code § 12652(e)(2)(B).

**JOINT STATUS REPORT**

1177631.v1

interests of justice.[4] First, as discussed above, and as set forth in the SOI, intervention by the Governments for the purpose of settling this action will "effectively moot[] the issue of whether this action should be dismissed . . . based on relators' lack of representation by an attorney." Dkt. 353 at p. 4:14-17. Second, continuing the Representation Status Conference again for a short period will allow the Governments file their motion for leave to intervene, a filing that cannot be completed by March 6, 2026, the date currently set for the Representation Status Conference. Finally, if the Representation Status Conference is continued, the Relators will have an opportunity to object to the settlement agreement (and to be heard regarding the appropriate share of the settlement proceeds to be awarded to them) at the hearing on the Governments' motion for leave to intervene even if they are not represented by counsel. For example, in *United States ex rel. Phillips-Minks v. Behavioral Healthcare Corp.* No. CV 98-1012 IEG (LAB) at Dkt. 283 (S.D. Cal. July 27, 2001) (available on PACER), the United States sought to intervene for the purpose of presenting a settlement to the court for approval. The court granted the motion over the objection of the unrepresented relator, noting that the relator would have "an opportunity to object [to the] settlement if she so chooses." *Id.* Dkt. 283 at p. 4:4-5.[5]

---

[4] In its SOI, the United States pointed out that in *United States ex rel. Lockhart v. General Dynamics Corp.*, No. 4:04cv296-RH/WCS, 2008 WL 11350222 (N.D. Fla. Feb. 19, 2008) the United States filed a SOI for the purpose of asserting that the relator there could not proceed without representation.  The court in *Lockhart* set a deadline for relator to retain counsel and then extended that deadline. *Id.* at *1. The SOI filed by the United States here also pointed out that Defendants' *Ex Parte* Application for Order Setting a Status Conference took the position that relators should be allowed a "reasonable period of time" to retain counsel.  Dkt. 352 at 4:11-12. In light of cases such as *Lockhart* and under the circumstances, the Governments and the Defendants agree that it would be reasonable for the Court to continue the Representation Status Conference.

[5]  A relator who is not an attorney is not qualified to represent the interests of the United States.  *See Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116,

---

**JOINT STATUS REPORT**

1177631.v1

Since the Court's approval of the settlement agreement would moot Defendants' pending motion for partial summary judgment, judicial economy also supports a continuance of the Summary Judgment Motion Hearing currently set for March 16, 2026 for an additional 60 days as well.

## IV.   CONCLUSION

For the foregoing reasons, the Governments and Defendants respectfully propose that the Court continue the Representation Status Conference currently scheduled for March 6, 2026 and the Summary Judgment Motion Hearing currently set for March 13, 2026 for a period of 60 days.

Respectfully submitted,

Dated:  March 3, 2026        LEECH TISHMAN NELSON HARDIMAN, INC.


By: */s/ Mark Hardiman*
      Mark Hardiman

Attorneys for Defendants University of Southern California and USC Care Medical Group, Inc.

Dated:  March 3, 2026        UNITED STATES ATTORNEY'S OFFICE


By: */s/ Hunter Byron Thomson*
      Hunter Byron Thomson, AUSA

Attorneys for Non-Party United States of America

---

1126-27 (9th Cir. 2007). However, once the Governments have intervened in the action for the purpose of effectuating a settlement, if Relators object to the settlement or wish to be heard regarding the appropriate share of the settlement proceeds to be awarded to them, cases such as *Stoner* may not apply because Relators are not then representing the interests of the Governments. The corporate relator (IONM, LLC) must still be represented by counsel (*In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994), but neither the Governments nor Defendants are aware that IONM, LLC has any interests beyond those of the individual relator (Justin Cheongsiatmoy, M.D.) in this case.

**JOINT STATUS REPORT**

1177631.v1

1    Dated: March 3, 2026         CALIFORNIA ATTORNEY GENERAL'S
                                           OFFICE

2

3                                  By: */s/ John Fisher*
                                           John P. Fisher

4

5                                  Attorneys for Non-Party State of
                                           California

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STATUS REPORT**

1177631.v1

1           **<u>Attestation Pursuant to local Rule 5-4.3.4(a)(2)(i)</u>**

2            The undersigned attests that all signatories listed, and on whose behalf this

3 filing is submitted, concur in the filing's content and have authorized the filing.

4

    Dated:  March 3, 2026         LEECH TISHMAN NELSON HARDIMAN, INC.

5

6                      By: */s/ Mark Hardiman*
                         Mark Hardiman

7

8                      Attorneys for Defendants
                     University of Southern California
                     and USC Care Medical Group, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STATUS REPORT**

1177631.v1

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024.

On March 3, 2026, I served on the interested parties the document(s) described as **JOINT STATUS REPORT BY DEFENDANTS UNIVERSITY OF SOUTHERN CALIFORNIA AND USC CARE MEDICAL GROUP, INC. AND NON-PARTIES UNITED STATES OF AMERICA AND STATE OF CALIFORNIA** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Justin Cheongsiatmoy
304 SE Hearthwood Blvd, No. 872814
Vancouver, WA 98687

Relator, Pro Se

☒ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of LEECH TISHMAN NELSON HARDIMAN, INC. and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of LEECH TISHMAN NELSON HARDIMAN, INC. for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

Executed under penalty of perjury on March 3, 2026 at Wallace, Michigan.

Mark S. Hardiman                          /s/ *M. S. Hardiman*

———————————————          ———————————————
Type or Print Name                        Signature

**JOINT STATUS REPORT**

1177631.v1